* Parker, J.
The plaintiff has brought his action for [ * 206 ] an interruption in a way from his dwelling-house and curtilage to some public highway. It is agreed that he had no way by which he could have communication with the world, unless over this land, or by trespassing on others. The question, on this state of the case, is, whether the law gives him a way as a way of necessity. I am of opinion that it does. The reason of the thing is plain, and the cases cited are clearly in point. If, when a man voluntarily, for valuable consideration, grants land; having other land in the rear, he be entitled to thisJ way of necessity, although he might have secured it by reservation in his grant.— surely, when his land is taken from him without his consent, by force of law, he is not less entitled to such a privilege ; more especially when it is considered that the judgment creditor may elect where to take his land in satisfaction of his execution. He might have taken the land in the rear with the house, or he might have left a passage-way for the debtor, and had more land set off to him in lieu of that so left. He therefore must be considered as having chosen to take the whole front of the debtor’s land, knowing at the time that he shut him from all communication with the private or public ways in the town. Under these circumstances, he certainly ought not to be privileged beyond a man who has made a fair purchase, dealing, upon equal 'terms, with a grantor.
The only objection made on the part of the defendant arises from the provisions of the statute by which the plaintiff might have procured a way to be laid out by the selectmen. But I cannot consider this statute as divesting a common-law right, unless it were specially so declared by the words of the statute. I am satisfied that the *196 plaintiff has been legally entitled to a way of necessity from the time the execution was extended.
Sewall and Sedgwick, justices, concurred. (a)

Defendant defaulted.

 Taylor vs. Townsend, 8 Mass. Rep. 411.