Nott, J.
The law in relation to cases of this sort is so fully laid down in the case of Lawton and Rivers, (2 M'Cord 435,) that it will be sufficient to refer to that case for the general principles by which this must be governed. ThO court are satisfied that the plaintiff was not entitled to recover' cither on the ground of a grant or prescription. No grant was produced; no evidence of the existence of one could be inferred. In order to presume a grant, uninterrupted use for at least twenty years, -was necessary. And the identity of the road should have been established. But no such evidence was adduced. The island had been cultivated! before the revolution; but by whom or by what authority or for what length of time, did not appear. Littlejohn planted it one year by mistake about twenty years ago, and then aban* doned it. After him, but in what year, it is not ascertained, one Gibbs planted it, as the overseer of Stanyard. Whether he stayed more than one year is quite uncertain. And that is all the occupation that was proved of the Island, until the year 18 >0, when it was purchased by the plaintiff. I cannot discover, from the report of the presiding judge, at what time the plaintiff entered into possession; nor does it appear that- he cultivated it more than one year. It is, however, unimportant. For it was not long before the defendant enclosed the land and shut up the way, which was the obstruction for which this action was brought. But all the testimony, relative to the occupation of the island, is unimportant evidence of the use of the road; and admitting *139 the use to have been coextensive with the occupation of the island, it would not give to the plaintiff a prescriptive right; much less is he authorized to set up any such right from the evidence offered on this occasion. It amounts to no more than this, viz: The several occupants of the island were permitted to pass over the unenclosed lands of the defendant, in the same manner and to the same extent as all the rest of the neighbors; and the way was changed with every change of the fields and fences according to the arbitrary will of the owners of the land. Allowing the use of the way appears to have been a mere act of courtesy; and there was no such identity of way proved, no such continued use by the plaintiff, or those under whom he claimed, nor such acquiescence on the part of the defendant as could be construed into a right. The whole case then resol ves itself into the question whether the plaintiff is entitled to a right of way from necessity? The necessity by which a person derives aright of way, is when one person sells to another lands inclosed on all sides by other lands. Here the law imposes an obligation on the seller to allow the purchaser a right of way over his adjacent land. (Perman vs. Wead, 2 Mass. Rep. 203. 6 Jacob’s Law D. Tit. Way. Howten vs. Frearson, 3 T. R. 50. 1 Saunders 323, Pomfret vs. Ricroft.) This is also said to be aright by grant, because the law implies a tacit consent on the part of the seller that the purchaser shall have free ingress and egress to and from the land so situated.- But there is no evidence that Goat Island was ever owned by the owners of Stent’s point; nor am I aware that it would strengthen the plaintiffs claim if the fact were so. The right in such, case must arise from necessity. If, therefore, a person owns land lying between two roads, one on the east and the other on the west, and shall sell that lying on the west, it gives to the purchaser no right of way across his land to the road bounding him on the east, whatever may be the distance or the difficulty of getting to that road. Such a way might be convenient, but there would be no such necessity as would impose upon the owner *140 of the land an obligation to afford him such an accomrtiodii" tion. In analogy with that case, suppose one person should sell to another the extreme point of a neck or tongue of land surrounded by an open sea or navigable streams, except on one side, would it be understood that the seller should allow him a right of way through the whole neck of land, because it might sometimes be more convenient for him to go to his farm by land than by water? I should apprehend not. Much less would he have a right to demand such a privilege from the owners of the adjacent land who were not parties to the contract To bring the case more distinctly under our view, let us suppose James Island tobe the tongue of land now spoken of, a person residing in Charleston, at Haddril’s Point, or on Sullivan’s Island, .would never expect a right of way to the main land on the west, through all the intervening plantations, merely because his farm was inaccessible by land in any other direction. The inconvenience of going always by \yater to his farm would not amount to such a necessity as would entitle him to such a privilege. If under those circumstances, he would not be entitled to such u favor, could he entitle himself to it by purchasing another farm on the west end of the island? .A direct intercourse between the two places, so situated, would be vastly convenient; but that convenience would confer, no right. Now that is the case immediately under our consideration. Goat Island is accessible by water in every direction, except on the side from which the plaintiff claims a right of way. It is nothing more, therefore, than a matter of convenience, and not of necessity. And if the plaintiff were situated in any other direction from the Island, perháps he would hardly consider such a way as a convenience. This way then becomes important to him merely on account of the relative situation of the two places and comes precisely within the principle of a necessity created by the party himself which can furnish no ground of right. (1 Saunders 323. n. 6.) *141 There is no evidence, therefore, which could entitle the plaintiff to a verdict on either ground.
it only remains, then to be determined, whether the court shall grant a nonsuit or new trial? It is not conceived that the trial by jury is of so little value as the counsel for the defendant seems to imagine. It is one of the greatest privileges which a free people can enjoy, and independent of its real and intrinsic value, it derives additional importance from the inestimable value which the people themselves imagine it possesses. The court feel no disposition, therefore, to intrench upon the right of the jury; and if there were any evidence which could be submitted to their consideration, a new trial would be granted. But it is equally the duty of the court to preserve the bounds of jurisdiction between the court and jury; and it would be as much an usurpation in the jury to undertake the exposition of the law as of the court to take from them the trial of the fact. Wherever, therefore, there is any conflicting evidence, anew trial will be granted. But when every point submitted is a conclusion of law which it belongs exclusively to the court to make, and where it appears manifest that better evidence cannot be obtained, it would be tantalizing the parties to send them back for another trial. It was a maxim of the civil law that that is the worst of slavery where the law is either vague or uncertain. And it is equally true in this country. The court will, therefore, grant a new trial toties quoties where the verdict is contrary to law; and when there is no evidence on which the jury can find a verdict, and the. case is brought before the court in such a shape that it can put an end to unprofitable litigation by a nonsuit, that course ought to be pursued.
In this case there was not a scintilla of evidence to authorize a verdict for the plaintiff. A nonsuit ought to have been granted in the court' below, and is, therefore, now ordered by this court.
Prioleau, and Petigru for appellants,
Grimke and Hunt, contra.