Viall *v.* Carpenter.

### SAMUEL H. VIALL *vs.* THOMAS CARPENTER.

A right of way of necessity ceases as soon as the owner of it can have a direct and convenient access over his own land to the place to which the way leads.

A deed of division, which reserves, after the assignment to each devisee, "to the other devisees all the privileges in the above described premises, that they require in the occupancy of their shares herein described," gives no greater right than a way of necessity.

ACTION OF TORT for breaking and entering the plaintiff's close. Answer, a right of way in the defendant, either by necessity, or by the terms of the division of the estate of Thomas Carpenter, the defendant's father and devisor.

By the division of that estate in the probate court, one lot of land bounding on the highway was set off to the defendant; another, also bounding on the highway, and now owned by the plaintiff, to Nathan Carpenter; and to other devisees, who had since conveyed to the defendant, lands not accessible from the highway without crossing one of the other two lots; " reserving," in each instance, " to the other devisees all the privileges in the above described premises, that they require in the occupancy of their several shares herein described."

The way claimed by the defendant led from the lands, conveyed to him by the other devisees across the plaintiff's lot to the highway, and was used by the testator until his death in 1837, and afterwards by the owners and occupants of the last mentioned lands until the commencement of this action. But, at the time of the alleged trespass, the defendant might have a convenient and direct way from those lands to the highway wholly across his own land.

Upon these facts appearing at the trial in the court of common pleas in Bristol at March term 1859, *Aiken*, J. ruled that the defendant had no right of way over the plaintiff's land, either by necessity or by reservation. A verdict was taken for the plaintiff, and the defendant alleged exceptions.

*C. I. Reed*, for the defendant.

*E. H. Bennett*, for the plaintiff.

Metcalf, J.   The only question on these exceptions is, whether the defendant has a right of way over the *locus in quo*, either by necessity, or under the terms of the division of the real estate of Thomas Carpenter in 1837.

1. Assuming that the defendant once had a right of way of necessity, that right ceased when the necessity ceased by his having access to the *locus* over his other land.   *Holmes* v. *Goring*, 2 Bing. 76, and 9 Moore, 166.   *Collins* v. *Prentice*, 15 Conn. 39, 423.   *Pierce* v. *Selleck*, 18 Conn. 321.   *New York Life Ins. & Trust Co.* v. *Milnor*, 1 Barb. Ch. 362.   Gale & Whatley on Easements, 58.   1 Crabb on Real Property, § 374.   3 Kent Com. (6th ed.) 422.   2 Greenl. Ev. § 660.   In the first of these cases, Chief Justice Best said : " A way of necessity, when the nature of it is considered, will be found to be nothing else than a way by grant ; but a grant of no more than the circumstances, which raise the implication of necessity, require should pass. If it were otherwise, this inconvenience might follow, that a party might retain a way over 1000 yards of another's land, when, by a subsequent purchase, he might reach his destination by passing over 100 yards of his own.   A grant, therefore, arising out of the implication of necessity, cannot be carried farther than the necessity of the case requires."   2 Bing. 83, 84.

2. The court do not doubt that, by the division of the real estate of Thomas Carpenter, deceased, in the probate court, his heirs, to whom specific portions of that estate were assigned, acquired a right of way to those portions over other lands which had been their ancestor's.   And whether they acquired this right solely as of necessity, without any provision therefor in the language of the division, or by the effect of the language used by the committee in making the record of the division, seems to us to be unimportant.   If they acquired the right as of necessity solely, we have seen that the right ceased when the necessity ceased.

The committee who made the division made no express provision concerning a right of way to the parcels of land which they assigned in severalty.   The only provision made by them, which can be applied to a right of way, is a reservation, to those

to whom they assigned specifically described portions of land, of " all the privileges in the above described premises, that they require in the occupancy of their several shares." The plaintiff contends that this reservation is void for vagueness and uncertainty, while the defendant contends that it created a way appurtenant to the lands set off by the dividing committee. Whether that reservation, as applicable to a right of way, was or was not void for vagueness and uncertainty, we deem immaterial. Taking it to be void, yet a right of way of necessity attached to the lands assigned, without any expressed provision therefor. Taking it to be valid, and to confer a right of way expressly, yet it conferred only such a right as its terms naturally import; that is, such a right as those, to whom parcels of land had been assigned in the division, should " require " in the occupancy of their several shares. Such a right of way as is required is such a right of way only as is necessary to the occupancy of the land to which it is attached. A reservation, in terms, of " a way of necessity," would confer no further right than would be conferred by operation of law, without those words. And a right of necessity, however conferred, is limited by the necessity.

A way of necessity being the only way acquired by the heirs to whom the committee assigned specific portions of their ancestor's land, (whether they acquired it by the mere force of law, or by the reservation made by the committee,) those heirs, on conveying those portions, could neither grant nor reserve any other right of way thereto ; and when the necessity for the way ceased, the right ceased, in whomsoever the title to the land had vested.                     *Exceptions overruled.*