[No. 15376. Department One.—May 3, 1894.]

S. BLUM ET AL., RESPONDENTS, v. F. F. WESTON ET AL., APPELLANTS.

WAY OF NECESSITY—TENANCY IN COMMON—ALLOTMENT IN PARTITION—EFFECT OF DECREE.—Where land allotted by order of the court in a proceeding for partition is so situated that one of the parties would be entitled to a way of necessity, if an allotment were made by deed from all the other tenants in common, the effect of the allotment by order of the court is to create the way of necessity.

ID.—EXPRESS RESERVATION OF WAY UNNECESSARY—OPERATION OF LAW.—It is unnecessary that there should be a reservation in terms of a way of necessity, which would confer no further right than would be conferred by operation of law without those words.

ID.—EASEMENT—TRANSFER OF PARCEL—WAY AS APPURTENANCE.—The easement of a way of necessity, resulting by operation of law from the fact that a parcel of land is cut off from the county road by other subdivisions of the original tract, attaches to that parcel as an appurtenance, and passes with each successive transfer of title, whether such transfer is by deed or by sale under execution.

ID.—EXTINGUISHMENT OF WAY—SPECIAL AGREEMENT—PRESUMPTION.—A way of necessity cannot be extinguished so long as the necessity exists, and must be presumed to continue, unless some fact found by the court shows that the right no longer exists; and a finding that a road was used across plaintiff's land by special agreement, without stating what the agreement was, is not inconsistent with the continuance of the way of necessity.

ID.—CESSATION OF NECESSITY.—The necessity ceases when another way has been acquired, or when, by the acquisition of other lands, the owner can reach the public road without traversing the land of others.

ID.—RIGHT OF CONDEMNATION.—The fact that a way might be acquired by condemnation under the statute does not effect the right to a way of necessity.

ID.—DESIGNATION OF WAY—RIGHT OF OWNERS OF DOMINANT ESTATE.—It is immaterial whether the owners of the land over which the way of necessity exists have designated a road or way; and if they have not, the owners of the dominant estate may designate it.

ID.—APPEAL—REVERSAL OF JUDGMENT UPON FINDINGS—CONCLUSIONS OF LAW.—Where the facts found show that the defendants have a way of necessity, and are sufficient to support a judgment in their favor, findings that the defendants have no right of way of necessity or otherwise, and have not used the way except as trespassers, are of conclusions of law, and a judgment in favor of the plaintiffs will be reversed upon appeal, and judgment ordered for the defendants upon the facts found.

APPEAL from a judgment of the Superior Court of Contra Costa County.

The facts are stated in the opinion.

*R. M. Fitzgerald,* for Appellants.

The findings show that appellants are entitled to a "way of necessity" over the land of respondents. (*Clark* v. *Rugge,* 2 Rolle's Abridgement, 60; 3 Kent's Commentaries, 420; *Holmes* v. *Seely,* 19 Wend. 507; *Smyles* v. *Hastings,* 22 N. Y. 217; *Pernam* v. *Wead,* 2 Mass. 202, 203; 3 Am. Dec. 43; *Taylor* v. *Warnaky,* 55 Cal. 350; *Kripp* v. *Curtis,* 71 Cal. 62; *Barnard* v. *Lloyd,* 85 Cal. 131; *Taylor* v. *Townsend,* 8 Mass. 410, 411; 5 Am. Dec. 107; *Viall* v. *Carpenter,* 14 Gray, 126; *Goodall* v. *Godfrey,* 53 Vt. 219; 38 Am. Rep. 671.)

*R. H. Latimer,* and *C. Y. Brown,* for Respondents.

The defendants are trespassers unless they have a way of necessity over the land of plaintiffs, but they have no such way, as it lies in grant, and there being no grant between the parties there could arise no right to a way. (*Nicholas* v. *Luce,* 24 Pick. 102; 35 Am. Dec. 302; Washburn on Easements, pp. 40, 41, sec. 7; *Taylor* v. *Warnaky* 55 Cal. 350; *Kripp* v. *Curtis,* 71 Cal. 62; *Barnard* v. *Lloyd,* 85 Cal. 131; *Lawton* v. *Rivers,* 2 McCord, 445; 13 Am. Dec. 741.) The object of a partition suit is not to create a new or additional title in the respective parties, it only severs the unity of possession. (*Wade* v. *Deray,* 50 Cal. 376; *M. L. & W. Assn.* v. *Philip,* 64 Cal. 493, 495; *Christy* v. *Spring Valley Water Works,* 68 Cal. 73, 75.) Where it cannot be presumed that the intention of the parties was to grant a right of way, and there is no express grant, implied reservation thereof or prescriptive right thereto, a "way of necessity" cannot arise. (*Esmond* v. *Chew,* 15 Cal. 137; *Carey* v. *Rae,* 58 Cal. 159.) If a grantor convey lands from which it is necessary that the grantee shall have a right of way over other lands of the grantor, the law presumes that it was the intention of the parties that such right of way should be given, and the grantor will therefore be compelled to give it. But if the lands over which the right of way is claimed belonged to others or cotenants with the grantor, they cannot be prejudiced by a presumed intention in

which they did not participate. (Freeman on Cotenancy and Partition, sec. 185; Washburn on Easements and Servitudes, c. 1, sec. 3; *Portmore* v. *Bunn*, 3 Dowl. & R. 145; *D. & S. Ry. Co.* v. *Wawn*, 3 Beav. 119; *Collins* v. *Prentice*, 15 Conn. 423, 426; *McDonald* v. *McElroy*, 60 Cal. 484.) Any right the estate of Chase had to a road across plaintiffs' land not having been determined and set apart by either of the decrees in the partition suit, the parties are forever barred from setting them up. The decree of partition is conclusive on all of the parties. (Code Civ. Proc., sec. 759; *De Uprey* v. *De Uprey*, 27 Cal. 330; 87 Am. Dec. 81; *Morenhout* v. *Higuera*, 32 Cal. 289; *Bollo* v. *Navarro*, 33 Cal. 459; *Hancock* v. *Lopez*, 53 Cal. 362, 369; *Martin* v. *Walker*, 58 Cal. 590; *Carey* v. *Rae*, 58 Cal. 159; *Sutter* v. *San Francisco*, 36 Cal. 112; *Gates* v. *Salmon*, 46 Cal. 61, 363; *Christy* v. *Spring Valley Water Works*, 68 Cal. 75; *Luco* v. *De Toro*, 91 Cal. 405, 423; *Watson* v. *Sutro*, 86 Cal. 500, 527; *Emeric* v. *Alvarado*, 64 Cal. 529.)

HAYNES, C.—Respondents are the owners of a certain parcel of land in Contra Costa county, which is bounded on the west by a county road, and on the east ·by lands of appellant Weston, and this action is brought against Weston and his tenant, White, to recover damages for alleged trespasses committed by crossing respondents' land to the county road. The defendants (appellants here) in defense of the action alleged a way of necessity across plaintiffs' land to reach the county road, and that in the use and enjoyment of said easement which is appurtenant to their land they traveled across plaintiffs' land over a roadway designated for such use by plaintiff, Simon Blum.

Defendant Weston also filed a cross-complaint seeking to quiet his title to said easement. Demurrers were interposed to the answers and cross-complaint, which were overruled, and no question is made here as to the sufficiency of these pleadings. The cause was tried by the court without a jury, and resulted in findings and judg-

ment for plaintiffs, from which the defendants appeal upon the judgment-roll.

The findings of fact are very full, and specify with great particularity the whole course of the title of both parcels from the patent granted by the United States down to the parties to this action. Briefly stated, the facts found are as follows:

In 1866 the United States patented the San Miguel rancho to thirteen persons as tenants in common, both parcels here involved being part of said rancho. These patentees sold their interests to divers persons, and in 1868 about fifty persons owned the rancho as tenants in common; and in that year the ranch was partitioned among the owners by the district court, the hill land and valley land being separately divided. S. Blum, one of the plaintiffs, received an undivided two-thirds interest in lot 8 of "hill land," and the same interest in lot 8 of the "valley land," and M. S. Chase, defendants' remote grantor, received an undivided one-third in each of said lots. The title to Blum's interest in lot 8, hill land, by mesne conveyances, became vested in W. E. Davis, and Chase having died, the lot last mentioned was, in 1876, partitioned by the court between Swain, his administrator, and Davis, part A, containing 425 acres, being awarded to Davis, and part B, containing 213 acres, to Swain, as administrator. Part B, so partitioned to Chase's administrator, through several mesne conveyances, became vested in one C. K. Breeze, and in 1889 was sold under execution to satisfy a judgment against Breeze, and the purchaser at execution sale sold and conveyed the same parcel to defendant Weston in July, 1890.

In 1871 lot 8, valley land, was also partitioned by the court between Chase's administrator and the plaintiffs in this action, the lot being divided into two parts, designated as divisions 1 and 2, division 1 being allotted to plaintiffs, and being the same parcel described in the complaint in this action.

Some other findings were made which will be noticed hereafter.

So far as the situation of defendant's land is concerned, no question is made but he is entitled to a way of necessity. For a general discussion of this class of easements, and a statement of the law as to several of the elements thereof, see *Kripp* v. *Curtis*, 71 Cal. 62.

The substance of respondents' contention is that "a way of necessity" lies in grant, though it is not necessary that it be an express grant; that "the deed of a grantor creates the way when it is one of necessity as much as it does when it is created by an express grant"; but that here there was no grant, the original tract which embraced both parcels, being owned by many persons as tenants in common, and that the several ownership of the different parcels was accomplished by proceedings under the statute for partition, and that no grant can be implied in such case.

But this contention cannot be sustained either upon principle or authority. I can perceive no difference in the effect of an allotment by order of the court in a proceeding for partition and an allotment by deed from all the other tenants in common. The effect in each case is to vest the title of all in a particular parcel in one, the decree operating as such conveyance. In *Viall* v. *Carpenter*, 14 Gray, 127, it was said: "The court do not doubt that, by the division of the real estate of Thomas Carpenter, deceased, in the probate court, his heirs, to whom specific portions of that estate were assigned, acquired a right of way to those portions over other lands which had been their ancestors'. And whether they acquired this right solely as of necessity, without any provision therefor in the language of the division, or by the effect of the language used by the committee in making the record of the division, seems to us unimportant. . . . . The reservation, in terms, of a way of necessity, would confer no further right than would be conferred by operation of law, without those words."

In *Ellis* v. *Bassett*, 128 Ind. 118, a part of the land be-

longing to an estate fronting on a highway was set off to the widow, and the remainder was sold by order of court. It was held that the purchaser had a way of necessity over the widow's land. The court, in that case, went so far as to say that: "A right of way, upon a severance of the estate by partition between heirs, sometimes arises when it would not exist in case of a conveyance of one portion of the premises."

In *Pernam* v. *Wead*, 2 Mass. 203, 3 Am. Dec. 43, it was held, that where a judgment creditor levied on part of the debtor's land, leaving the latter no passage from the remaining portion to the highway, the debtor has necessarily a right of way over the land levied upon. (See, also, *Taylor* v. *Townsend*, 8 Mass. 411; *Smyles* v. *Hastings*, 22 N. Y. 217.)

It does not affect Weston's right that he was not a party to the partition. The easement, resulting by operation of law from the fact that the parcel of land he now owns was cut off from the county road by other subdivisions of the original tract, attached to that parcel as an appurtenance, and passed with each successive transfer of title, whether such transfer was by deed executed by the party, or by sale under execution. That it is such appurtenance, and passes to each successive owner, was held in *Taylor* v. *Warnaky*, 55 Cal. 350. The Civil Code makes no distinction as to the mode of transfer, but provides generally that " a transfer of real property passes all easements attached thereto." (Civ. Code, sec. 1104.)

Respondents also cite several cases to the effect that partition suits do not create new or additional titles in the respective parties, that it only severs the unity of possession. But those cases did not involve the question of an easement appurtenant to the land allotted to each, but related to the title by which the tenants in common held the land itself. It is further argued that no grant from Chase could convey any title as against Blum, his cotenant. If by this is meant that Chase could not grant a right of way, other than a way of

necessity, across land in which Blum was a cotenant, the statement is correct; but Chase and Blum, as cotenants of lot 8, hill land, had a right of way of necessity over lot 8, valley land, which was also owned by them; and when lot 8, hill land, was again partitioned the way was not lost, because Chase and Blum still owned the valley land as cotenants; or, if the valley land were first partitioned, such partition could not destroy the easement which belonged to the hill land.

It is further argued that the judgment in these partition suits did not provide a right of way for the hill land, and that these judgments are final. But we have seen that it is not material whether in these judgments a way was reserved or not; that the law itself creates it. (*Viall* v. *Carpenter*, 14 Gray, 127.)

Respondents further contend that such way not having been used or claimed from about 1871 to the time when Martin, defendants' grantor, made the agreement with plaintiffs in 1890, the court should not presume any thing in defendants' favor, but should hold that any way they may have had has lapsed by their failure to use or claim it.

The seventh finding is as follows: " That plaintiffs' land is adjacent to and contiguous on the west side of defendant Weston's land, and the county road running from Ygnacio valley to Pine canyon bounds plaintiffs' land on the west, and no county road runs through, adjacent or contiguous to defendant Weston's land; that defendants' grantors had no means of egress or ingress to and from said defendants' land to the county road except a road from plaintiff's land traveled by defendants' grantors by a special agreement with plaintiffs."

This finding contains facts showing, when taken in connection with the facts hereinbefore stated, all that is necessary to create a way of necessity. It is true that it is found that Weston's grantors used a road across plaintiffs' land by a special agreement, but what that agreement was, or when made, is not stated. The answer to defendants' cross-complaint alleges that, J. West

Martin (Weston's grantor) used it for a short time in 1890, under an agreement with the plaintiffs. It is not found, nor is it claimed by counsel, that it created a way or easement of a different character from a way of necessity, which became appurtenant to the land now owned by Weston. If it did, it is apparent that plaintiffs could not maintain trespass for using it; while, if it did not, I fail to perceive how it could affect the existence of a way of necessity which, upon the partition, became appurtenant to the land. Besides, the facts found having shown that a way of necessity once existed, it must be presumed to continue until some fact found by the court shows that the right no longer exists. For all that appears from this finding, the "special agreement" may have been solely confined to the location of the way, or some like particular, consistent with, and appropriate to, the existence of the way of necessity. The way, having been created by the necessity for its use, cannot be extinguished so long as the necessity exists. The necessity, of course, ceases when another way has been acquired, or when, by the acquisition of other lands, the owner can reach the public road without traversing the land of others.

That defendant could have a way by condemnation under the statute does not affect his right. (*Pernam* v. *Wead,* 2 Mass. 202, 203; 3 Am. Dec. 43; *Collins* v. *Prentice,* 15 Conn. 39; 38 Am. Dec. 61.)

The findings that defendants have no right of way of necessity or otherwise, that they have not used the way except as trespassers, that plaintiffs have not designated any road, and that Weston does not deraign title from Blum, "except as hereinbefore stated," are conclusions of law from the facts found. It is immaterial whether plaintiffs or their grantors designated a road or way; as, if they did not, the owners of the dominant estate could designate it. (*Kripp* v. *Curtis,* 71 Cal. 62, 65.)

As all the facts necessary to support a judgment for the defendants have been found, the judgment should

CII. Cal.—24

be reversed, with directions to the court below to enter judgment upon the findings for defendants, with costs.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, it is ordered that the judgment appealed from be reversed, with directions to the court below to enter judgment for defendants according to the prayer of the cross-complaint.

HARRISON, J., GAROUTTE, J., PATERSON, J.