Minsi-iall, J.
This case was argued and submitted with the case of Baker v. Rice, reported ante, p. 463, on the assumption that each presented the same question, so that the affirmance of one would involve the reversal of the other and e con-verso. But in our judgment, there is a difference between the reservation of a way, and the grant of a way, by implication. The reservation of a way by the grantor in apparent derogation of his deed and its covenants, stands upon a much narrower ground than does the case of a grant. In the latter case, as held in Baker v. Rice, a way passes by implication where it had been attached to the part granted by the grantor, and is apparent and necessary to the reasonable enjoyment of the premises granted. It is not necessarily a way of strict necessity. But in the reservation of a way by implication, the case is different. Ordinarily a deed is taken most strongly against the grantor. He may insert in it such exceptions and reservations as he desires, and the grantee by accepting the deed is held to assent to them; and therefore, the grantor is not generally permitted to derogate from his grant, or disregard the covenants of his deed. But there seems to be a well recognized exception, and that is, where a g-rantor by the sale and conveyance of a part of his land, is thereby deprived of all access to any public highway from the part retained, and this is known to the grantee. In such case it is a fair inference that the grantor did not intend to. subject himself to the necessity of buying a way out, nor can it be inferred that the grantee with knowledge of the *489 facts, supposed that he did, particularly where the grantor had a well defined way over the part granted to the highway in use at the time of his conveyance. In such case, the circumstances are such as to indie ¿te that the deed does not express the real understanding of the parties as to the way over the land granted, and might have been reformed in equity. But the courts in such cases have pursued a more liberal practice and done at law by the implication of a grant, what could have been- accomplished in equity by the reformation of the deed. 2 Washburn on Real Prop., 5 Ed., 319; Collins v. Prentice, 15 Conn., 39; Brigham v. Smith, 4 Gray, 297; Parker v. Bennett, 11 Allen, 389-392; Seymour v. Lewis, 13 N. J., Eq., 439, 444; Pennington v. Galland, 9 Exchequer, 1. In the case of Collins v. Prentice, it is said: “It is well settled, as a part of the common law of England, that if a man having a close, to which he has no access, except over his other lands, sells that close, the grantee shall have a way to it, as incident to the grant; for without i t, he cannot derive any benefit from the grant. This rule has been established for two centuries, and seems not to have been questioned on the trial’ ’ citing authorities. “And although doubts have formerly been expressed upon the subject, it seems now to be well settled, that, if the grantor had reserved that close to himself, and sold his other lands, a right of way would have been reserved.” Citing authorities. The court then observes. “The way, in the one case, in contemplation of law is granted by the deed and in other case reserved. And although it is called a way of necessity, yet in strictness the necessity does not create the way, but merely furnishes evidence as to the real inten *490 tion of the parties.. For the law will not presume that it was the intention of the parties, that one should convey land to the other, in such a manner that the grantee could derive no benefit from the conveyance; nor that he should so convey a portion as to deprive himself of the enjoyment of the remainder. The law under such circumstances, will give effect to the grant according to the presumed intention-of the parties. ” In Brigham v. Smith, a case like this one, the court said: “If the way were expressly reserved in the deed, the covenants must apply to the premises granted, that is, an estate with a right of way reserved or carved out of the fee. In the present case, the law does for the parties the same thing, and the covenants apply to an estate with this way of necessity reserved. ”
It is then a question of intention, and the mode of determining’ it by reference to the necessity of the way, may be regarded as a rule of property, and, in this view, no more permits a grantor to derogate from his grant, than does any similar rule; for, under the rule, a way over the land granted is reserved to the grantor, under a legal construction given the deed in connection with the circumstances creating the necessity..
It is plain from the facts found, that the way in question was one of strict necessity to the land retained by Samuel Meredith on his conveyance to his son William, of the tract on the National road; and the plaintiffs below have succeeded to his rights. At the time of this conveyance, which was in 1872, he owned 300 acres, in the form of a parallelogram, with one of its short sides on the road. His home was at the opposite end. From his home to the highway was a well defined way *491 then in use, which afforded his only means of access to his home. He then sold and conveyed to his son, the 135 acres, lying on the highway, the private way of his father to the remainder of his lands, being apparent, and well known to his son.
But it is said that Samuel Meredith had a way over his remaining lands to a highway. This, however, according to. the finding, was simply by “sufferance.” It constituted at most a license, and could have been revoked at any time. A way that defeats the implication of one ■ by necessity, must be a way of right and not a mere license, besides, this supposed way was abandoned in 1867, and has not since been used; so that whatever right the grantor may have had, has long since been lost by abandonment. It had not ripened into a way by prescription when abandoned. It is also claimed, that under the power given township trustees, on application, to establish township roads, a way could have been obtained; and therefore there is no ground, in any ease, on which a way by necessity can be claimed in this state. This does not as we think, alter the case. Whether a road can be obtained in that way, will depend upon the opinion of the trustees and of the viewers, whether it is necessary- and should be established. It cannot be had 'for the asking, and in no’ease without making compensation for the land taken. The necessity for a way cannot be removed by the fact, that one may be purchased from some third person, Collins v. Prentice, 15 Conn., 39. It is the fact that no way then exists, that can be had without purchase, by which the grantor can have access to his remaining lands, that. raises the implication of a right • reserved to an existing way over the land granted.
*492 There is another finding in the ease, not however, probably material to its disposition, and that is, that from the making’ of the deed in 1872, Samuel Meredith and his subsequent grantees of part of the land, continued to use the way as he had done before the grant, without let or hindrance, until the time of his death, and that the same use was made of it until the death of his widow, which occurred in 1888, whereby both parties indicated, for some sixteen years that their understanding of the deed was in accordance with the construction the law places on it. We see no error in the record and the judgment is therefore,

Affirmed.