ⁱRITCHEY ET AL. *v.* WELSH.

[No. 18,157.   Filed January 4, 1898.]

EASEMENTS.—*Private Roads.*—*Way of Necessity.*—*Partition.*—Where in the partition of real estate the portion set off to one of the parties is not accessible to a highway without passing over lands partitioned to another, and no provision is made in such proceedings for any right of access to such highway, such right of way attaches to the land the same as if express provision had been made therefor in the report of the commissioners and decree of court.  *p. 220.*

SAME.—*Private Roads.*—*Way of Necessity.*—Where one having an easement in the lands of another for a private way, and the same is to be located for the first time, no prior use thereof having been

Ritchey *et al. v.* Welsh.

made, the owner of the land over which it is to pass has the right to choose it, provided he does so in a reasonable manner; but if the owner of the land fail to select such way when requested, the party who has the right thereto may select a suitable route for the same, having due regard to the convenience of the owner of the servient estate, and when once selected it cannot be changed by either party without the consent of the other.   *pp. 220, 221.*

SAME.—*Way of Necessity.*—*Partition.*—A party to a partition proceeding may have an easement in lands partitioned to another in such proceeding for a way of necessity across such land to a public highway, but he is not by virtue thereof entitled to an easement for such purpose in other lands set off to such person in a prior proceeding in partition of lands of another common ancestor.   *pp. 221, 222.*

From the Jasper Circuit Court.   *Affirmed.*

*R. W. Marshall, W. E. Uhl* and *E. B. Sellers,* for appellants.

*Frank Foltz, Charles G. Spitler* and *Harry R. Kurrie,* for appellee.

MONKS, J.—This action was brought by appellee against the appellants, to enforce a way of necessity. The demurrer to the complaint was overruled.   The court made a special finding of facts, and stated its conclusions thereon in favor of appellee, to each of which appellants excepted.   Final judgment was rendered in favor of appellee.

The errors assigned, and not waived, call in question each conclusion of law, and the action of the court in overruling the demurrer to the complaint.

It appears from the special finding that Mary C. Ritchey died intestate, the owner of a body of land bounded on the west and south by a highway; that afterwards, in 1887, partition was made of said real estate, so that the real estate allotted to each was bounded on the west or south by said highway.   The eighteen acres set off to appellant, Osiander K. Ritchey, was thirty-six rods wide, north and south, and divided the fifty-three acres set off to Samuel W.

Ritchey, husband of said deceased, from the twenty-nine acres set off to appellee. Afterwards said Samuel W. Ritchey died the owner of said fifty-three acres, and in 1891, in an action for partition the same was divided in such a manner that the part set off to appellant, Osiander K. Ritchey, was between the public highway and the part set off to appellee, so that the tract set off to appellee could not be reached from a public highway over said fifty-three acres, except by crossing over the part thereof set off to said Osiander K. Ritchey. No mention was made in said partition proceedings of a way from appellee's tract to any highway. Samuel W. Ritchey occupied said fifty-three acres from the time the same was set off to him until his death, and entered from the highway through a gate on the part of said land afterwards set off to said appellant, Osiander K. Ritchey, going over the land in the most convenient route. After the partition of the fifty-three acres, a gate was still maintained upon said land at the highway for the convenience of appellee, she going thence north to a point west of the southwest corner of her said tract; thence east to her land. The part of the fifty-three acres set off to appellee was not fenced until 1893, when she erected a gate at the southwest corner thereof, and has since used said gate, and a route extending directly west therefrom to the east line of the southwest quarter, and thence south to the gate at the highway. The entire way so used being upon the part of said fifty-three acres set off to appellant, Osiander K. Ritchey, and with his consent.

Appellant, Osiander K. Ritchey, before the commencement of this action, offered to appellee the privilege of passing over the eighteen acres which were set off to him in the partition of his mother's land, in 1887, from north to south. By the way so offered,

appellee could go from the twenty-five acres set off to her in the partition of her father's land in 1891, to the twenty-nine acres set off to her in the partition of her mother's land, in 1887, which last named tract was bounded on the west by a highway.

Appellants insist that the court erred in overruling the demurrer to the complaint, and in each of the conclusions of law, because—"First, a right of way of necessity does not arise out of partition proceedings; second, appellee had another way offered before this action was commenced; third, appellants had selected another way."

It is settled law that if one conveys a part of his land in such form as to deprive himself of access to the remainder, unless he goes across the land sold, he has a way of necessity over the portion conveyed. This is because the law presumes an understanding of the parties that the one selling a portion of his land shall have a legal right of access over the part sold to the remainder, if he cannot reach it in any other way. If the the part conveyed is in such form that the grantee cannot reach the same except over the part not conveyed, such grantee has a way of necessity thereto over the land of the grantor, not conveyed, for the reason that the law presumes that one would not sell his land to another without an understanding that the grantee should have a legal right of access thereto over the part not conveyed. *Collins* v. *Prentice,* 15 Conn. 39, 38 Am. Dec. 61, 62, and cases cited; *Stewart* v. *Hartman,* 46 Ind. 331, 341, 342; *Logan* v. *Stogsdale,* 123 Ind. 372, 376, 377, 8 L. R. A. 58; *Ellis* v. *Bassett,* 128 Ind. 118, and cases cited; *Kimball* v. *Cochecho Railroad,* 27 N. H. 448, 59 Am. Dec. 387; *Nichols* v. *Luce,* 24 Pick. 102, 35 Am. Dec. 302; *Pernam* v. *Wead,* 2 Mass. 203, 3 Am. Dec. 43, 44; *Pinnington* v. *Galland,* 9 Exch. 1; *White* v. *Bass,* 7 Hurl. & Norm. 722; Wash-

burn's Easements, 164, 166. These presumptions prevail over the ordinary covenants of a warranty deed. *Brigham* v. *Smith*, 4 Gray 297. The rights of the grantor and grantee would not be different or any more extensive if by the terms of the deed express provision was made for such way of necessity. *Viall* v. *Carpenter*, 80 Mass. 126; *Blum* v. *Weston*, 102 Cal. 362, 36 Pac. 778, 41 Am. St. 188; *Brigham* v. *Smith, supra.* The law thus giving effect to such grant according to the presumed intent of the parties.

Appellant contends that this right of a way of necessity can only exist when there is a grant by one owning both the dominant and servient estate. This right, however, has not only been raised between parties to the conveyance of one or more parts of land, when the part granted or retained can only be reached over the other part, but also where a part of a tract of land has been sold or set off on execution or by an executor or administrator. *Ellis* v. *Bassett, supra; Pernam* v. *Wead, supra; Taylor* v. *Townsend*, 8 Mass. 411, 5 Am. Dec. 107; *Russell* v. *Jackson*, 2 Pick. 574; *Schmidt* v. *Quin*, 136 Mass. 575; *Smyles* v. *Hastings*, 22 N. Y. 217; *Howton* v. *Frearson*, 8 T. R. 50. It has been held that such a right exists in partition proceedings in favor of any tract allotted which is not accessible except over the part or parts of the tract allotted to others. *Viall* v. *Carpenter, supra; Blum* v. *Weston, supra.* See, also, Goddard's Law of Easements (Bennett's ed.), 348.

Under the authorities it is clear that if the parts of said real estate allotted to appellant, Osiander K. Ritchey, and appellee, respectively, had been conveyed or devised to them by Samuel W. Ritchey, their common ancestor, a way of necessity would have been created in favor of the part conveyed or devised to appellee.

The reason for the doctrine of a way of necessity is thus stated in *Collins* v. *Prentice, supra:* "And although it is called a way of necessity, yet in strictness, the necessity does not create the way, but merely furnishes evidence as to the real intentions of the parties. For the law will not presume, that it was the intention of the parties, that one should convey land to the other, in such a manner that the grantee could derive no benefit from the conveyance; nor that he should so convey a portion as to deprive himself of the enjoyment of the remainder." The reasons given to support a way of necessity, in case of a grant, support such a rule with equal force, when there is partition of land by deed or by a proceeding in court.

In *Viall* v. *Carpenter, supra,* the lands of a testator were so divided by proceedings in the probate court that parcels of land set off to some of the devisees were not accessible from the highway without crossing one of the parcels set off to other devisees. The committee making the division made no express provision concerning the parcels of land which they assigned in severalty. The court held that the right of way of necessity attached to the lands assigned without any express provision therefor. The court said: "The court do not doubt that, by the division of the real estate of Thomas Carpenter, deceased, in the probate court, his heirs, to whom specific portions of that estate were assigned, acquired a right of way to those portions over other lands which had been their ancestors. And whether they acquired this right solely as of necessity, without any provision therefor in the language of the division, or by the effect of the language used by the committee in making the record of the division, seems to us to be unimportant. * * A reservation, in terms, of 'a way of necessity,' would confer no further right than would be conferred. by operation of law, without those words."

In *Ellis* v. *Bassett, supra,* a part of the land of an estate fronting on the highway was set off to the widow in a proceeding for partition, and afterwards the administrator, by order of court, sold the remainder. It was held that the purchaser had a right of way of necessity over the part set off to the widow. This court said: "A right of way, upon a severance of the estate by partition between heirs, sometimes arises where it would not exist in case of a conveyance of one portion of the premises."

*Blum* v. *Weston, supra,* fully sustains our conclusion that the doctrine of a way of necessity applies in partition of lands made by deed, or by proceedings in court.

The presumption is, unless the contrary clearly appears from the record in the partition case, that the shares were allotted with the understanding that the parcel allotted to appellant, Osiander K. Ritchey, was subject to the easement of a way of necessity in favor of the parcel set off to appellee. Appellee's right to a way of necessity is the same as if provision had been made therefor in the report of the commissioners and decree of the court. *Vaill* v. *Carpenter, supra;* *Blum* v. *Weston, supra.*

Appellants contend that they had the right to choose where the way should be located. When no prior use of the way has been made, and the same is to be located for the first time, the owner of the land over which the same is to pass has the right to choose it, provided he does so in a reasonable manner, having due regard to the rights and interests of the owner of the dominant estate. But if the owner of the land fail to select such way when requested, the party who has the right thereto, may select a suitable route for the same, having due regard to the convenience of the owner of the servient estate. *Holmes* v. *Seely,* 19 Wend. 507, 510; *Russell* v. *Jackson, supra; Capers* v. *Wilson,*

3 M'Cord, 170; Goddard's Law of Easements (Bennett's ed.), 348, 350. When the way is once selected it cannot be changed by either party without the consent of the other. *Nichols* v. *Luce, supra; Holmes* v. *Seely, supra; Morris* v. *Edgington,* 3 Taunt. 23; Goddard's Law of Easements (Bennett's ed.) 351.

It is shown by the special finding that Samuel W. Ritchey, the one from whom said appellant and appellee inherited their respective interest in said fifty-three acres of land, entered upon the part thereof afterwards set off to appellant Osiander K. Ritchey through a gate at the highway going thence over the land on the most convenient route; that after the partition was made appellee had access to the twenty-five acres set off to her over the part of said fifty-three acres set off to said appellant on the route set forth in the special finding, and that she erected a gate upon her said twenty-five acres where she entered thereon from said way, and that the way was so used with the consent of said appellant. This was clearly a selection of the way over said appellant's land to the land of the appellee by the agreement of both parties. The way, having been selected and used by the agreement of both parties, said appellant could not afterwards, without appellee's consent, change the route, and require said appellee to use the way offered over the eighteen acres set off to him in the partition of his mother's land in 1887. Appellee was not entitled to a way of necessity over said eighteen-acre tract, which divided her twenty-five acres from her twenty-nine acres, for the reason that it was no part of the estate owned by said appellant, and appellee as tenants in common. She would have no more right to insist on a way of necessity over land of said appellant, other than that inherited by them from their father, than one receiving a grant of land from another could claim

a way of necessity over the land of a stranger. Even if there had been no selection of a way by both or either of said parties, we do not think said appellant could compel appellee to accept a private way over said eighteen-acre tract. Said appellant could not deprive appellee of her right to a way of necessity over the land set off to him by offering her a private way over other lands owned either by himself or others. If he had opened a public highway, running from the existing highway over said eighteen-acre tract, or any other land, so that appellee could thereby have access to the twenty-five acre tract, there would have been no necessity for a way. But no such case is presented by the facts found.

Appellants next insist that the complaint is to enforce an oral contract between said appellant Osiander K. Ritchey and appellee for a private way, made pending a petition for partition, and that the special finding does not find that there was such an agreement. It is true that the complaint alleges that when the commissioners filed their report of the partition of the lands of Samuel W. Ritchey, said appellant and appellee agreed that appellee should have a private way from the land set off to her over the land set off to said appellant to the highway, but, disregarding the allegations concerning such agreement, the averments were sufficient to entitle appellee to a way of necessity over the lands set off to appellant.

The cause was tried, and a judgment rendered, upon the theory that the complaint sought to enforce a way of necessity. There was no error in the court so treating the complaint.

It follows, therefore, that the court did not err in its conclusions of law, nor in overruling the demurrer to the complaint.

Judgment affirmed.