[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant, Joseph Wall, has moved to strike the plaintiff's revised complaint of March 24, 1993 for the reason that it fails to allege sufficient facts to sustain a cause of action on which relief can be granted. The complaint is in five counts which allege the following causes of action: easement by deed (first count); declaratory judgment for a right of way be necessity (second count); a declaratory judgment of a right of way by adverse possession or prescription (third count); damages for obstruction of right of way or easement (fourth count); and an action to quiet title to land (fifth count). At oral argument of this motion, the plaintiff agreed that the third count could be stricken.
The defendant filed a Request to Revise the complaint in which he sought more specific allegations regarding the nature and origin of the "easements" giving rise to the claims alleged in the complaint. On January 19, 1993 this court, (Freed, J.) overruled the plaintiff's objection to the Request to Revise. The effect of that order was to require the plaintiff to revise its complaint to identify the alleged common grantor of both plaintiff's and the defendant's properties and state the date the common grantor allegedly owned both properties and to more specifically define the easement. The plaintiff failed to revise its complaint in accordance with the order of the court.
In the first count of the complaint the plaintiff alleges that it has the right to pass over the property of the defendant Wall pursuant to an easement by deed. However the deed is not identified. The complaint alleges only that on or before March 30, 1984, a common grantor, whose identity is unknown to the plaintiff, was the owner of the land which included both the land of the plaintiff and that of the defendant.
The general common law rule is that a party claiming title or right to land pursuant to an easement must set forth, in detail, the basis for the claim in his complaint. 25 Am.Jur.2d Easements, 117. In order to demonstrate the existence of an easement by deed, it is a "fundamental principle of law that the same person has (or had) unity of title" to both the dominant and the servient estates. Stankiewicz v. Miami Beach Assn., Inc.,191 Conn. 165, 170, 464 A.2d 26 (1983). The complaint fails to identify the deed which it claims created the easement. It also fails to identify any common owner whose ownership and subsequent conveyance would have created the easement. Therefore, the complaint fails to state a cause of action for easement by deed, since the essential element of unity of ownership is lacking. Accordingly, the first CT Page 9673 count is ordered stricken.
As with an express easement, in order for the plaintiff to properly allege an easement by necessity, it must allege that there was some type of "unity of ownership" of both his property and the property of the defendant. The requirement of showing a unity of ownership is a strict one. Hollywyle Assn., Inc. v. Hollister,164 Conn. 389, 399, 324 A.2d 247 (1973); Collins v. Prentice, 15 Conn. 39,44, 38 A. 61 (1842). The second count, like the first, refers only to an unknown common grantor, thus failing to sufficiently allege a unity of ownership. The second count is ordered stricken.
The fourth count of the revised complaint seeks damages for the obstruction of the easements set forth in counts one and two. For the reasons set forth above, the first and second counts do not properly allege the existence of any easements. The plaintiff cannot recover damages based on the defendant's obstruction of easements that do not exist. Therefore, the fourth count is ordered stricken.
The fifth count of the revised complaint attempts to allege an action to quiet title. Section 47-31(b) of the Connecticut General Statutes provides that the complaint in an action to settle title or claim interest in real property, "shall describe the property in question and state the plaintiff's claim, interest or title and the manner in which the plaintiff acquired the claim, interest or title." As more fully set forth above, the plaintiff has failed to sufficiently describe its claim, interest or title to the easements in question and has failed to allege the manner in which it acquired that claim, interest or title. Therefore, the fifth count is ordered stricken.
By the Court
Aurigemma, J. CT Page 9674