## MORROW et al. v. NORTON et al.

### No. 15,530; December 31, 1894.

#### 38 Pac. 953.

**Assumpsit.—The Fact That the Complaint in an Action by an Assignee** of an account for goods sold against copartners, after alleging the incurring of the liability by defendants, also alleges that one of the defendants promised to pay the same, does not render it demurrable, as the latter allegation may be treated as surplusage.

**Statute of Frauds—Pleading.—In an Action on a Contract,** required by the statute of frauds to be in writing, the complaint need not allege that it was in writing.

APPEAL from Superior Court, City and County of San Francisco; J. C. B. Hebbard, Judge.

Action by George S. Morrow and others against W. H. Norton and another. There was a judgment for plaintiffs, and defendant Norton appeals. Affirmed.

John A. Wall for appellant; Warren Olney for respondents.

VAN FLEET, J.—We deem this appeal frivolous. Judgment was for the plaintiffs in the court below, and the defendant Norton appeals from the judgment, and from an order denying his motion for a new trial.

1. The only point made against the judgment is that the demurrer to the complaint should have been sustained for want of facts sufficient to constitute a cause of action. There is nothing in the point. The complaint counts on two several promissory notes made by the firm of McBride & Pease to plaintiffs, and an account for merchandise sold and delivered by a third party to defendants and assigned to

plaintiffs. These several obligations are set up in separate counts, each complete in itself, setting forth that at the time of incurring them defendants were carrying on and conducting a livery-stable business as partners under the name of McBride & Pease, and that the notes were made and the account incurred by defendants as such partners, and that they have not been paid. It is then further alleged that since the making of the notes and the account defendant Norton has promised to pay them. It is urged that the original obligations of McBride & Pease and the separate promise of Norton cannot both be counted on in the same action. But the point does not arise under the demurrer. The complaint states a cause of action against the defendants jointly, and the allegation of the independent promise of Norton might be disregarded as surplusage, and yet leave the complaint sufficient. It is further urged that the separate promise of Norton was one which, under the law, must be in writing, and it is not so averred. Assuming this to be true, the failure to so allege does not make the complaint demurrable. Where a contract is alleged which, under the law, is required to be in writing, and the complaint is silent as to the manner in which it was made, the implication is that it was made in the manner required: Barnard v. Lloyd, 85 Cal. 131, 24 Pac. 658.

2. The second and only other point made is that the evidence does not sustain the finding that the defendants were partners. We have examined the evidence, and it is sufficient to say that, while somewhat conflicting, we think it amply sufficient to warrant the finding in question, and the judgment cannot, therefore, be disturbed. We think the character of the record in this case should not pass unnoticed. The statement on motion for new trial covers about one hundred and fifty pages of the transcript. It is plainly nothing more nor less than a copy of the shorthand reporter's notes of the trial, with a head and tail attached. It is replete with all the unnecessary repetition and irrelevant side-bar matter which so readily and almost unavoidably finds its way into the record at the trial in the lower court under our present system of verbatim stenographic reporting. Nothing in the way of unnecessary matter seems to have been eliminated, or even permitted to escape. There is not a pretense, from beginning to end, of stating anything in narrative form. Everything

is by question and answer, just as it came from the reporter, apparently. This is inexcusable. In order to pass intelligently upon the objection made to the findings, we have been compelled to wade through this whole mass of one hundred and fifty pages of matter, good, bad and indifferent, while all that is relevant and material to appellant's case, as presented here, could have been fully, and much more advantageously for him as well as the court, stated in not to exceed twenty pages. The proper method of preparing statements and bills of exceptions is so clearly indicated in the statute, and has so often been adverted to and pointed out by this court, that it need not be restated here. It is enough to say that this statement not only wholly fails to comply with the statute, but is one of a character that has been most frequently criticised and condemned. It should be the aim of counsel in preparing a record to facilitate, rather than impede, the ready and intelligent examination of the case. Certainly it is in the interest of the litigant that this should be so. The law at best is not an exact science, and its proper administration is sufficiently beset by difficulties without additional burdens cast by carelessly prepared records. The judge of the court below would have been fully justified in refusing to settle this statement in its present form; in fact, it was his duty, without objection, to require the party to put the statement in the form required by the statute before certification. The judgment and order are affirmed, with $100 damages.

We concur: Garoutte, J.; Harrison, J.