A. D. BARNARD, ADMINISTRATOR, ETC., RESPONDENT,
          *v.* L. M. LLOYD, APPELLANT.

PLEADING — CONSTRUCTION — STATUTE OF FRAUDS — CONTRACT — DEMUR-
    RER. — An allegation that a contract was made, without stating whether
    or not it was in writing, will be construed to mean that the contract was
    in writing, if the law requires it to be so.
EASEMENT — WAY OF NECESSITY. — When a conveyance of land is made, and
    the grantee has no means of access thereto or egress therefrom, except
    over the land of the grantor, a way of necessity exists.

APPEAL from a judgment of the Superior Court of
Ventura County, and from an order denying a new trial.

The facts are stated in the opinion.

*W. H. Wilde,* and *John D. Bicknell,* for Appellant.

*Blackstock & Shepherd,* and *Barnes & Selby,* for Re-
spondent.

HAYNE, C. — As we construe this complaint, the action
is to abate obstructions in a private road or way, and for
damages.

The general features of the case are as follows: One
Snodgrass, who was the owner of a large tract of land,
conveyed a portion of it to the plaintiff.   At the time of
this conveyance a road was laid out on a strip belonging
to the grantor, along the south side of the land granted,
and it was verbally agreed between ·the grantor and
grantee that this should be and remain a road for the
plaintiff's use, and he began using it as such.   Subse-
quently, Snodgrass conveyed to the defendant, who took
with notice of the verbal agreement above mentioned.
The defendant afterward obstructed the road by placing
a barn and a wire ·fence upon it.   The action is against
him alone.

The trial court gave judgment for the plaintiff, and
the defendant appeals.

It is contended that the demurrer should have been sustained, because the complaint shows no right in the plaintiff to the road in question. But the complaint alleges that at the time the plaintiff bought the land it was expressly agreed that the strip claimed as a road "should be permanently set apart, left open, and appurtenant to said land, to be used as a roadway." This must be construed to mean that it was so agreed in writing. (*Wakefield* v. *Greenhood,* 29 Cal. 597; *Miles* v. *Thorne,* 38 Cal. 337; 99 Am. Dec. 384; *Brennan* v. *Ford,* 46 Cal. 14.) In this view the complaint stated a cause of action, and the demurrer was properly overruled.

It is somewhat doubtful whether the judgment ought not to be affirmed on this ground; for the findings state that the allegation above referred to is true; and we are not satisfied that there is any sufficient specification attacking it.

But waiving this, we think that there was a way of necessity, without reference to any agreement. The complaint alleges that "the free and unobstructed use of said roadway is necessary to the convenience and enjoyment of the ten acres of said twenty-acre tract now owned and in possession of this plaintiff; that he has no other means or way of ingress or egress to or from his said ten-acre tract except along or over said roadway." The finding is, that this allegation is true. And there is evidence in support of the finding. In this regard the plaintiff testified as follows:—

"Q. You may state now, Mr. Lehman, whether the existence of this roadway is necessary to the convenient use, beneficial use, and enjoyment of that piece of property. A. It certainly is. Without it, I could not get to it. . . . . It has shut me up. I cannot get out, and I would have no front to my property,—no frontage."

The defendant contends, however, that the plaintiff had another means of access to his property, and relies upon a diagram attached to the complaint. But it cer-

tainly cannot be said, from a mere inspection of this diagram, that such means of access existed. And the evidence seems to be the other way. The plaintiff says in regard to it: "Maybe some wagons ran across there, which they often do, but there was no regular track,—nothing of the kind that I ever knew of or had any idea of. . . . . There was a roadway passed by my property, but I didn't know where or how it ran; but there was a roadway to go up to the cañon,—the property that Mr. Lloyd has. There was no regular track,—nothing of the kind that I ever knew of or had any idea of." And another witness testified as follows: "I have been familiar with this land for seventeen years. There has been a roadway going up the cañon simply for the convenience of parties going up the cañon. There has been no public road. I know of only one tract of land up in the cañon, and there was simply a track used for the purpose of going to this piece of land. I don't remember how plain it was. There was no public road."

Upon the evidence, we do not think that the finding referred to can be disturbed. And taking it to be true, we think that there was a way of necessity. (*Taylor* v. *Warnaky*, 55 Cal. 350.)

The evidence as to the damages (one hundred dollars was awarded) is not very strong. But there was no evidence to the contrary; and the only objection that seems to be taken to it is, that the averment in the complaint is not sufficient. We think that the complaint is sufficient.

In the view we have taken, the other matters discussed need not be noticed.

We therefore advise that the judgment and order appealed from be affirmed.

BELCHER, C. C., and VANCLIEF, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.