[L. A. No. 3705. Department One.—December 22, 1916.]

JOSEPH MESMER, Respondent, v. MARIA UHARRIET
et al., Appellants.

WAY OF NECESSITY—WHEN ARISES OVER LAND OF GRANTOR.—When a
grantor conveys land shut off from access to a road by the grantor's
remaining land, or partly by his land and partly by that of a
stranger, a way of necessity arises over the adjoining land of the
grantor.

ID.—LANDS PARTITIONED IN SEVERALTY — PARCEL INCLOSED BY OTHER
ALLOTMENTS.—A way of necessity follows in like manner from a
decree of partition, under which one of the parcels set off in severalty
is entirely inclosed by others. The effect of such partition is to con-
vey the interest of the various cotenants in the particular parcels
to the allottees of those parcels. Each is, therefore, a grantor and
a grantee, and the one to whom an inclosed piece is set off has the
same rights against the others that he would have if they had joined
in a voluntary conveyance to him.

ID.—EQUAL RIGHT OF ACCESS OVER LANDS OF DIFFERENT ALLOTTEES.—
Upon such partition the holder of the inclosed parcel has an equal
and like right against each former cotenant whose land prevents his
access to a highway.

ID.—ARBITRARY SELECTION OF WAY OVER PARTICULAR PARCEL.—Where
the owner of the inclosed parcel has for many years indifferently
used the adjoining lands of the other allottees for the purpose of
reaching his land, neither he nor the court has the right to arbi-
trarily select the land of a particular adjoining owner and make it
alone bear the burden of the right of way.

ID.—EXPENSE OR DIFFICULTY OF ACCESS BY DIFFERENT ROUTE.—In this
case the findings fail to show the right to a way of necessity over
the lands of the defendants, due to the expense or difficulty in reach-
ing a public road by another and shorter route over the lands of
other adjoining owners.

ID.—BONA FIDE PURCHASER — NOTICE — EASEMENTS.—A purchaser of
land for value takes subject only to interests in the land of which
he has actual notice or which appear of record. This rule applies
as well to easements as to claims of a greater interest.

ID.—SUBSEQUENT PURCHASER OF PARTITIONED LAND — CONSTRUCTIVE
NOTICE FURNISHED BY PARTITION DECREE.—A purchaser for value of
a parcel of land that had been partitioned twenty years previously
is not charged with constructive notice of a way by necessity across
such land in favor of an adjoining tract, merely because both tracts
were included in the partition action, and had been partitioned by a

decree which left the latter tract without access to a public road and entirely surrounded by other parcels that were allotted to various cotenants.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

J. Wiseman Macdonald, for Appellants.

D. K. Trask, Trask, Norton & Brown, and Edgar K. Brown, for Respondent.

SLOSS, J.—The plaintiff is the owner of a tract of land containing something over seven acres situate in Los Angeles County. The defendants are the owners of a tract containing fifty acres, adjoining plaintiff's holding. Both parcels were originally a portion of the Rancho La Ballona, which in May, 1868, was partitioned by decree of the district court of the first judicial district of the state of California. By that decree the tract now owned by plaintiff was partitioned to the heirs of Augustine Machado. Title subsequently passed to Andres Briswalter, upon whose death the property passed to Louis Mesmer under decree of distribution filed in May, 1887. The plaintiff, Joseph Mesmer, has succeeded to the interest of Louis Mesmer.

The tract now owned by the defendants was, by the decree of partition, set off to Macedonio Aguilar. Through various mesne conveyances it passed in 1887 to Martin Uharriet and Pedro Uharriet. The defendants other than Martin succeeded to the interest of Pedro upon his death in 1909. The land of defendants lies to the north of plaintiff's land. By the decree of 1868 various other portions of the Rancho La Ballona, adjoining plaintiff's parcel on the east, south, and west, were partitioned to other cotenants.

The present action was brought to establish the right of plaintiff to an easement or way across the defendants' fifty-acre tract from plaintiff's land to a road leading to the city of Los Angeles. The complaint was based upon the theories, first, that plaintiff was entitled to a way of necessity across defendants' land, and, second, that plaintiff had acquired a

right of way across such land by prescription. The court made findings from which it concluded that plaintiff was entitled to a way of necessity as claimed. The findings do not support the claim of a way by prescription. The judgment was that plaintiff is entitled to a way of necessity of the width of fifteen feet along a described course, running one thousand five hundred feet or more in length over defendants' land, "so long as it may be necessary to gain access to and egress from the public highway." The defendants appeal from the judgment and from an order denying their motion for a new trial.

A public road, access to which is thus given by the judgment, runs to the west of the land of defendants. There is another road to the south of plaintiff's land and separated from it by parcels partitioned by the decree of 1868 to coowners who are not parties to the present action. The first-mentioned road is known as First Street, the other is described in the record as roadway "X." Between the land of plaintiff and that of defendants is an irrigation ditch. Between the land of plaintiff and that of the owners on the south is a creek known as Ballona Creek. The distance from plaintiff's parcel to roadway "X" is about 350 feet.

When a grantor conveys land shut off from access to a road by the grantor's remaining land, or partly by his land and partly by that of a stranger, a way of necessity arises over the adjoining land of the grantor. (*Taylor* v. *Warnaky*, 55 Cal. 350; *Carey* v. *Rae*, 58 Cal. 159; *Kripp* v. *Curtis*, 71 Cal. 62, [11 Pac. 879]; *Barnard* v. *Lloyd*, 85 Cal. 132, [24 Pac. 658].) Such right is vested in the grantee as an appurtenance to the estate granted. (*Kripp* v. *Curtis*, 71 Cal. 62, [11 Pac. 879].) A way of necessity follows in like manner from a decree of partition, under which one of the parcels set off in severalty is entirely inclosed by others. The effect of such partition is to convey the interest of the various cotenants in the particular parcels to the allottees of those parcels. Each is, therefore, a grantor and a grantee, and the one to whom an inclosed piece is set off has the same rights against the others that he would have if they had joined in a voluntary conveyance to him. (*Blum* v. *Weston*, 102 Cal. 362, [41 Am. St. Rep. 188, 36 Pac. 778].)

It would seem to follow, therefore, that upon such partition the holder of the inclosed parcel has an equal and like right

against each former cotenant whose land prevents his access to a highway. In the case of a way of necessity arising from a conveyance by a single grantor, it is said in *Kripp* v. *Curtis,* 71 Cal. 62, [11 Pac. 879], that "the grantor may in the first instance designate the way to be pursued and in the event of his failure so to do the grantee may choose it for himself." It may be doubted whether this rule applies to a case of partition, where the right is against one of several grantors, but not against any particular one more than any other. Other things being equal, it is difficult to see why the owner of one of the surrounding parcels should assume the burden of the easement to the advantage of the others, or why the holder of the inclosed parcel should be entitled to select a particular neighbor and place the burden upon his land. Where there is but a single grantor, the right of way runs over his land, and his land alone. The designation of the route, whether by grantor or grantee, goes merely to the particular location of the easement upon that land. In case of a partition, however, a right of designation would enable the holder of the inclosed piece to select one of several tracts equally bound in the first instance, and thus make it bear the entire disadvantage of an onerous restriction. Where the partition decree fails to provide roads, it may be that the location of ways of necessity should be fixed by a subsequent proceeding in which the owners of all of the parcels which might be affected are brought in, and compensation may be provided to be paid to the owners of the parcel burdened with the easement by those who are relieved.

It is not, however, necessary in this case to definitely resolve the doubts above suggested. Let it be assumed that the grantee, i. e., the predecessor of plaintiff, had the right, in the absence of any designation by the other parties to the partition, to select the line of egress from his land. It is claimed that such right was exercised in this case by the selection and use of a way along the line defined by the judgment in the court below. We think this position is not supported by either the findings or the evidence. The complaint alleges that at the time of the partition a roadway along this line was opened and laid out for the benefit of the grantees of the tract now owned by plaintiff. This allegation is denied by the answer. The court finds that up to the year 1886 there was a traveled way by which persons coming to

the fifty-acre parcel now belonging to defendants crossed that parcel to other ranches (not including the land of plaintiff) beyond, and that from this traveled way there was a turnout across the irrigating ditch on to the property owned by the plaintiff. This road, apparently, was not the one described in the complaint, for the finding goes on to declare that in 1886 a portion of the traveled way was closed, and from that time forward "the traveled way was reverted to the land described" in the complaint. There is no finding, however, of the length of time, prior to 1886, during which any such way was used. A further finding states that for a few years access was had to plaintiff's land from the highway "X," across a tract of land belonging to other parties to the partition decree. There is still another finding that for some years plaintiff obtained access to his property across a third parcel southwesterly of his land. These findings, we think, do not support the conclusion that a right of way across the land of defendants was selected and used in any such definite way as to impress an easement on that land. The findings are entirely vague with regard to the time of beginning and the duration of the period during which such way had been used. In the past, access to the land seems to have been obtained indifferently over any of three routes, one over the land of the defendants, and two over land of other owners. The judgment has the effect of imposing upon the land of the defendants the burden of a roadway one thousand five hundred feet in length, and relieving from the easement other lands having the same relation to that of plaintiff. In view of the fact that all of these parcels had been used for the purpose of reaching plaintiff's land, we think neither the plaintiff nor the court had the right to arbitrarily select the land of defendants and make it alone bear this burden.

It is argued, in support of the judgment, that the topographical conditions were such that a passage over the land of appellants was the only feasible line of travel from plaintiff's land, and that therefore the way of necessity was over this land. There is some conflict in the authorities as to what constitutes a "necessity" sufficient to raise an implied grant of a right of way. Some of the cases hold that the right arises only in case of strict necessity; that it does not exist where the party has another way out, even though such other way can be used only at great inconvenience or expense.

(Washburn on Easements, 4th ed., 259.)   Other cases adopt: the more liberal rule that the necessity giving rise to the easement must be only a "reasonable necessity," and that the party claiming the right is required to show, merely, that no other way could be made without labor and expense "excessive and disproportionate to the value of the property." (*Pettingill* v. *Porter,* 8 Allen (Mass.), 1, [85 Am. Dec. 671]; *Oliver* v. *Pitman,* 98 Mass. 50.)   In this court it has been held that a party was not entitled to a way of necessity where he had a right of travel over a road, although such road was rendered impassable by a ditch and slough which could be filled up only by the expenditure of one thousand dollars. (*Carey* v. *Rae,* 85 Cal. 132, [24 Pac. 658].)   See, also, *Kripp* v. *Curtis,* 71 Cal. 62, [11 Pac. 879], where it is said that the right does not exist "except in cases of strict necessity." But if we take the rule to be as declared in *Pettingill* v. *Porter,* the findings here do not show any such unreasonable expense or difficulty in reaching the road "X" over the lands south of plaintiff's parcel as to establish a necessity for going over the land of the defendants rather than that of other neighbors.   The findings are that a roadway would be practicable and accessible for travel from plaintiff's parcel to roadway "X" over a route much shorter than that fixed in the judgment, but that there is a creek bordering plaintiff's land on the south, which at times is wholly inaccessible and is grown up to willows, and that a way to the south would require some improvement and would be unavailable in time of flood or storm.   There is no finding of the expense that would be required to bridge the creek to overcome the hindrance of flood or storm, nor of the relation which this expense would bear to the value of the plaintiff's property.   Nor is there any finding of the length of time during which travel would be impeded by flood or storm in the absence of such bridge.   There is evidence to the effect that the heaviest rains made the creek impassable for about a day and a half. The facts found do not show any such difficulty in taking the nearer road as to justify the imposition of the burden upon the land of the appellants.

Apart from all the foregoing considerations, we think the appellants are entitled to prevail upon their claim that they were purchasers of their land for value without notice of any claim on the part of plaintiff to an easement over the

same.    The court's findings were that the Uharriets purchased
the fifty-acre tract in 1887 for fifteen thousand dollars, which
was the full value of the property at that time; that they
examined the land before buying the same and saw that it
was fenced on three sides, that on the fourth side it was sepa-
rated from plaintiff's land by an irrigating ditch which was
not bridged, that the only entrance to the land from First
Street was by a gate which had been kept locked, and that
there was no roadway over the land to plaintiff's parcel suffi-
ciently well marked to give notice of any claim of a right of
way between the two parcels.    The court goes on to find that
said purchasers procured an abstract of title before they
bought the land, and that said abstract showed no right of
way or easement over the land; that the purchasers had no
actual notice that the plaintiff, or any of his predecessors in
title, had a claim to any right of way or easement over the
defendant's land, but that at the time of said purchase there
was on record a map of Rancho La Ballona as partitioned,
which showed that the property owned by the plaintiff was
landlocked and without access to any public highway, ''and
that this record gave notice to all the subsequent purchasers
of any portion of the Rancho La Ballona . . . that said land
was entitled to a way of necessity across the other land set
apart to other owners in said partition suit.    That the de-
fendants are chargeable with constructive notice of said
right.''    The declaration that defendants are chargeable with
constructive notice is perhaps a conclusion of law.    Whether
regarded as a legal conclusion or an inference of fact, we
think it involves an undue extension of the doctrine of con-
structive notice.    A purchaser of land for value takes subject
only to interests in the land of which he has actual notice or
which appear of record.    The rule applies as well to ease-
ments as to claims of a greater interest.    The finding discloses
that the Uharriets had no actual notice of any claim on the
part of plaintiff or his predecessors to a right of way across
the fifty acres, and that there was nothing on the ground to
show the existence of any way or road.    The instruments in
the chain of title did not contain any grant or reservation of
such easement.    The finding or conclusion of constructive
notice is based solely upon the fact that both parcels had been
included in a partition, by which the land now owned by
plaintiff was left surrounded by other parcels.    Under the

views already expressed, the information imparted by this fact was merely that the plaintiff's land might have a right of way over some one of the parcels adjoining it. It is true that notice of circumstances sufficient to put a prudent man upon inquiry is constructive notice of whatever he might have learned by prosecuting such inquiry. (Civ. Code, sec. 19.) But it cannot be said that such a man would have been called on to prosecute any further inquiry than that made by the purchasers in this case. They knew (or must be held to have known) that the seven-acre parcel of plaintiff was so situated that it might, from the year 1868, have had an easement over any one of several parcels of land adjoining it. Purchasing one of those parcels almost twenty years later, they made an examination of the ground which indicated that the right, if it existed, was not over the tract which they proposed to buy. We do not think that they were bound to examine the records affecting the various other parcels adjoining plaintiff's land, or those parcels themselves, in order to ascertain whether the plaintiff had an outlet over any of these. They were entitled to rest upon the want of any record showing affirmatively that a right of way existed over the fifty acres, coupled with the physical conditions indicating that there was no such right. "That which does not appear to exist is to be regarded as if it did not exist." (Civ. Code, sec. 3530.) On the facts found the court should have concluded that the Uharriets were purchasers for value without notice, actual or constructive, of an easement, and that they therefore took their land free from any such easement if it had ever existed. As between the owners of the seven-acre tract who allowed so many years to elapse without asserting their rights in such manner as to make their claim of easement a matter of record, and the innocent purchasers of land not appearing to be burdened, the interests of the latter are more deserving of consideration.

The judgment and the order denying a new trial are reversed.

Shaw, J., and Lawlor, J., concurred.