David R. TSCHAGGENY and Ellen Charlene Price Tschaggeny, his wife, Plaintiffs and Appellants,

v.

UNION PACIFIC LAND RESOURCES CORP., and Fred F. Saunders, Defendants and Respondents.

No. 14487.

Supreme Court of Utah.

Sept. 29, 1976.

LaMar Duncan, Salt Lake City, for plaintiffs-appellants.

Steven A. Goodsell, Salt Lake City, for defendants-respondents.

ELLETT, Justice.

This appeal involves a claimed way of necessity from Lot 1 across Lots 2 and 3 as shown on the sketch below.

Alleged Easement or Way of Necessity Shown········ ,

On May 13, 1967, Mr. and Mrs. Price (the parents of Mrs. Tschaggeny) deeded 21.67 acres of land to the respondents' predecessor by quit claim deed, being parcels numbered 2, 3, 4, and 5 in the diagram above. And on the same day they also gave a warranty deed to the same grantee for parcels 2 and 4 as shown in the diagram.

The Prices purchased parcels 1, 2, and 4 in 1948 and obtained a deed in 1949 from some people by the name of Howell.

On April 17, 1967, the Prices were parties to an agreement whereby the Union Pacific Railway Company, grantee of the two deeds and predecessor in interest to the respondents, was to quiet title to the 21.67 acre tract of land covered by the quit claim deed. The Prices and others were also to pay the cost of the suit. On May 13, 1967, the Prices thought that the quit claim deed covered all the land which they then owned. It was some time later that they discovered parcel 1 was not included in the description of the deed. They then conveyed this parcel to their daughter and son-in-law, the appellants herein.

A way of necessity is defined in the case of *Savage v. Nielsen*[1] as follows:

> The theory upon which a way of necessity is based is that all the property is once owned by a single person. He divides it into two tracts and conveys away one tract. The physical location of the other tract is such that it is not reasonably accessible without crossing the tract conveyed away. If the grantor retains the tract which is thus surrounded, without any mention of a way, it is presumed that he intended to reserve a right of way to and from the tract retained. If he sells the tract which is thus surrounded without mention of a means of ingress and egress it is presumed that he intended to create a servient estate in himself to the extent of a right of way in favor of the other tract of land. The requirements for a way of necessity are set out in the case of *Morris v. Blunt*, 49 Utah 243, 161 P. 1127, 1132, as follows:

> '(1) Unity of title followed by severance;

> '(2) That at the time of the severance the servitude was apparent, obvious, and visible;

> '(3) That the easement is reasonably necessary to the enjoyment of the dominant estate; and

> '(4) It must usually be continuous and self-acting, as distinguished from one used only from time to time when occasion arises.'

In both the case cited above and the one upon which it relied (*Morris v. Blunt*), there were elements of and evidence about rights of way by prescription, as well as ways of necessity; and, therefore, elements (2) and (4) set out in the opinion above are not necessary elements in a case based solely upon a claim of a way of necessity.[2]

Where a party conveys a portion of land which he owns, he impliedly conveys all those apparent or visible easements over the land retained, which at the time of the conveyance are used by the grantor for the benefit of the part conveyed and which are reasonably necessary for the use thereof. This is an implied easement and is not dependent upon the need for a way to go to and from a parcel of land entirely surrounded by land belonging to others or retained by the seller.

An example is the sale of an apartment served by common halls and stairways. Easements in the halls and stairways are conveyed even though there is no express wording to that effect written into the deed of conveyance. This is true even if entrance and exit may be had by way of a fire escape attached only to the apartment in question. These are easements by implication. The inference is drawn from the surrounding circumstances under which the conveyance was made rather than from the language used. In such a case, the easement must be apparent, obvious, and visible.[3]

On the other hand, a way of necessity arises when there is a conveyance of part of a tract of land which is so situated that either the part conveyed or the part retained is surrounded with no access to a road to the outer world. In either

---

1. 114 Utah 22, 197 P.2d 117 (1948).

2. 28 C.J.S.Easements § 35(a).

3. Restatement of the Law—Property, Sec. 476.

case, there is an implied grant or reservation of a way across the part not so surrounded unless it clearly appears that the parties to the conveyance did not intend such an easement. However, it is not necessary that the easement be visible, apparent, or obvious. There is no implied grant where the instrument of conveyance specifically provides for a way over the parcel not land locked. While the implied reservation applies to both the grantor and the grantee, an implied grant is more likely to be found in a disputed case where the grantee gets the land-locked parcel than it is where the grantor retains it.[4]

 In the instant matter, it clearly appears that when the Prices sold parcel Number 2 they thought they were also selling parcel Number 1. From the foregoing discussion, it would seem that they could not retain, or grant by implication or otherwise, an easement over parcel Number 3 which they did not own. So if any way of necessity was ever to be implied, it would have to be at the time when parcels 1, 2, and 3 were all owned by the same grantor. The record does not show that any grantor, prior to May 13, 1967, ever owned parcels 1, 2, and 3 at the time of a sale of any one or more of them.

If it could be assumed that the trustee of the defunct Utah Idaho Central Railroad owned parcels 1 and 2 and also a part of parcel 3 next to its bed, it is not shown when the parcels were sold. If the trustee sold parcel 3 first, there would be no way of necessity impliedly reserved for the other lots across it for the reason that the defunct railroad had an actual way to the street.[5] If, thereafter, the trustee sold parcels 1 and 2, there would be no implied reservation across parcel 3 which then belonged to a stranger.

Another reason why plaintiff must fail in his claim is that it is not shown which deed was first given to the Union Pacific Railroad Company—the warranty deed or the quit claim deed. If it could be imagined that a way of necessity was reserved for parcel 1 when parcel 2 was conveyed by warranty deed, then the subsequent quit claim deed conveying parcels 2, 3, 4, and 5 would nullify any right of way theretofore given over parcel 2.

The plaintiffs have not shown that the quit claim deed was given prior to the warranty deed, and we are unable to see how they can claim a way of necessity under any theory of the case as established by the evidence. The judgment is therefore affirmed.

Costs are awarded to the respondents.

HENRIOD, C. J., and MAUGHAN, and CROCKETT, JJ., and PETER F. LEARY, District Judge, concur.

4. 25 Am.Jur.2d, Easements, Sec. 34; 28 C.J.S. Easements § 35.

5. (as shown by the diagram to the north).