EXCAVATION CONSTRUCTION, INC.,

*and*

SHENANDOAH QUARRY, INC.

*v.*

WILLIAM S. RITCHIE, JR.,

*Commissioner of the West Virginia*

*Department of Highways*

(No. 13767)

Decided December 7, 1976.

*Loy, Shingleton & Caryl, William H. Loy* for appellants.

*Anthony G. Halkias,* Legal Division, Dept. of Highways, for appellee.

WILSON, JUSTICE:

The appellants, Excavation Construction, Inc., and Shenandoah Quarry, Inc., appeal from the order of the

Circuit Court of Kanawha County dismissing their petition for a writ of mandamus either to compel appellee, the Commissioner of the Department of Highways, to award a construction contract to Excavation Construction, Inc., or in the alternative to compel the Commissioner to rebid the project.

On appeal, it is basically appellants' contention that the Commissioner abused his discretion: (a) in declaring Excavation Construction, Inc.'s bid irregular because of the omission of a free competitive bidding affidavit; and (b) in refusing, when the affidavit was submitted the day following the opening of the bids, to waive as a minor technicality the requirement that the affidavit be submitted with the bid.

We find that appellants failed to demonstrate that appellee abused his discretion and accordingly affirm the order of the Circuit Court of Kanawha County.

In the original proceeding in the Circuit Court of Kanawha County, Excavation Construction, Inc., was dismissed on the grounds that it was a Maryland corporation and, having failed to show that it was qualified to do business in the State of West Virginia, was thereby precluded from maintaining this action by reason of the provisions of *W. Va. Code*, 31-1-66. Although petitioners objected and excepted to the court's ruling in this respect, they neither briefed nor argued the issue and it is accordingly deemed waived. However, Shenandoah Quarry, Inc., a West Virginia corporation, participated in this proceeding as a West Virginia taxpayer, has the necessary standing to present the issues which are fundamental to a proper disposition of this case and hereinafter will be treated as the sole appellant.

The factual background of this dispute concerns a road construction project in Jefferson County, West Virginia. Excavation Construction, Inc., submitted a bid proposal pursuant to the advertisement for the submission of contract bids under the authority of *W. Va. Code*,

17-2A-8(27). On the day scheduled for the opening of said bids, namely July 13, 1976, it was determined that Excavation's bid proposal was irregular by reason of the omission of a free competitive bidding affidavit in the bid packet. Consequently, its bid proposal was not considered, and the lowest responsible bidder was determined to be Richard F. Kline, Inc., whose bid proposal was approximately $825,000 higher than that of Excavation.

Excavation did submit the free competitive bidding affidavit on July 14, 1976. Nonetheless, an award conference with Kline was held on July 15, 1976, and the contract was officially awarded to Kline on July 19, 1976, that being subsequent to the submission of letters dated July 14, 1976, addressed to the Commissioner on behalf of Excavation requesting that its bid be accepted, or in the alternative that the contract be rebid.

The controlling principles of law in this case are set forth in Syllabus Nos. 5 and 6 in *Pioneer Co. v. Hutchinson*, _____ W. Va. _____, 220 S.E.2d 894 (1975), as follows:

"5. Statutes and ordinances which require public officers or a public tribunal to award a contract to the 'lowest responsible bidder' vest wide discretion in officials.

"6. A court will not ordinarily interfere with the action of a public officer or tribunal clothed with discretion, in the absence of a clear showing of fraud, collusion or palpable abuse of discretion."

In the instant case, the Commissioner was required by statute to award the contract, if let, to the lowest responsible bidder. *See, W. Va. Code*, 17-4-19. Since this was a contract in which Federal funds were to be made available, the Commissioner had the authority to comply with applicable Federal aid statutes and regulations. *See, W. Va. Code*, 17-2A-8(28).

Pursuant to his statutory authority, *See, W. Va. Code*, 17-2A-8(24), the Commissioner had made and promulgat-

ed rules and regulations which required, in connection with Federal aid contracts, that a free competitive bidding affidavit be submitted in duplicate with the bid proposal.[1] *See*, West Virginia Department of Highways Standard Specifications, Roads and Bridges, 1972, Section 102.15.

However, appellant contends that Section 4.11 of the Rules and Regulations of the Department of Highways gave the Commissioner the right to waive technicalities if he determined it to be in the best interests of the State of West Virginia so to do.[2] Appellant argues that the free competitive bidding affidavit was just such a technicality and should have been waived particularly since Excavation's bid was $825,000 lower than the bid of Kline. The appellant further argues, and appellee

---

[1]The free competitive bidding affidavit required to be submitted is as follows:

"FREE COMPETITIVE BIDDING AFFIDAVIT

State of_____

County of_____

I, _____ (Contractor) by _____ (name and title of authorized representative), being duly sworn do depose, say and certify: That said contractor has not, either directly or indirectly, entered into any agreement, participated in any collusion, or otherwise taken any action in restraint of free competitive bidding in connection with the contract for Project No. ____ in _____ County.

_____
Contractor

_____
Name and Title of
Authorized Representative

Taken, subscribed and sworn to before me this ____ day of _____, 19____.

Notarial Seal if executed
outside West Virginia

_____ "
Notary Public

[2]"The State Road Commissioner reserves the right to reject any and all proposals or bids, and to waive technicalities, when he deems it to be in the best interests of the State of West Virginia to do so."

agrees, that the applicable Federal regulation regarding a free competitive bidding affidavit provides merely that such affidavit should be filed prior to the award of the contract, *See*, C.F.R., §635.107(i)(1), and that there was no Federal requirement that it be filed with the bid.

The appellant concludes from all this that the Commissioner ignored the more liberal Federal requirement and instead of exercising his power to waive such a technicality, insisted upon a blind, arbitrary, capricious and abusive adherence to an administrative regulation which served no useful purpose in protecting the State of West Virginia and its taxpayers.

The evidence on this issue was principally that of William S. Ritchie, Jr., the Commissioner of the West Virginia Department of Highways. His testimony is critical and was so considered by the court below.

The Commissioner testified that the preservation of the integrity of the bidding process in the Department of Highways required rigid enforcement of bid requirements which were governed by regulations which were known or should have been known by bidders in general and by Excavation in particular.

While acknowledging that $825,000 was a substantial sum of money, he established that the amount of Excavation's bid was not known at the time of declaring its bid irregular.

The Commissioner further testified that the free competitive bidding affidavit required by departmental specifications was a material document, the waiver of the timely submission of which could encourage dangerous personal interference by the Commissioner, sharp and questionable bidding practices by contractors and irresponsible changes in well-defined and uniformly followed procedures, all of which would imperil the integrity of the Department of Highways in its bidding procedures.

The trial court found this testimony most persuasive in overcoming the charge of arbitrary, capricious and abusive action on the part of the Commissioner.

We will not disturb this finding by the trial court which heard the case without a jury, it being impossible for us to say that the evidence plainly and decidedly preponderates against such finding. *See*, Syllabus No. 6, *A. W. Cox Department Store Co. v. Cox's, Inc.*, ____ W. Va. ____, 221 S.E.2d 539 (1976).

In view of the wide discretion which is admittedly vested in the Commissioner of the Department of Highways and in view of the persuasive rationale advanced by the Commissioner for his refusal to waive the requirement of the submission of the document in question, and in the absence of any contention that there was fraud or collusion, we perceive no error by the lower court in specifically finding that the appellant failed to show a palpable abuse of discretion.

Accordingly, we affirm the order of the Circuit Court of Kanawha County dismissing the petition for a writ of mandamus.

*Affirmed.*

FLOWERS, JUSTICE, *dissenting:*

I respectfully dissent from the conclusion reached by the majority of the Court in this matter.

The clear legal duty of the Commissioner is to award all contracts to the lowest responsible bidder. *W. Va. Code*, 17-4-19. The bidding process is designed to achieve the best price advantage for the people of the State consistent with high quality performance. The Commissioner's regulations must fulfill this purpose and are not an end in themselves.

Here the bid was not awarded to the lowest responsible bidder but to a bidder who exceeded the lowest bid by almost $825,000. The bid accepted was 25.1796 percent higher than the low bid on this project. The Highway

Department attempted to justify its rejection by enforcement and nonwaiver of one of the very regulations by which such advantageous bids were to be sought and exploited. That regulation required, among the 300 estimated documents at the time the bids were opened, an affidavit of noncollusive bidding. The bidder supplied that document one day after the bids were opened and four days before the contract was awarded but failed to include it with his original submission. The Commissioner refused to waive the low bidder's initial tardiness and this refusal must be judged as to whether it is within or beyond the allowable discretion afforded the Commissioner. The range of that discretion is set forth in *Pioneer Co. v. Hutchinson*, _____ W. Va. _____, 220 S.E.2d 894 (1975), cited by the majority. In my judgment the Commissioner has exceeded the allowances of *Pioneer*. I have some familiarity with the rationale of that opinion.

The Commissioner's regulations permitted the waiver of bidding documents. Here, the only waiver required in order to gain the advantage of the low bid was the indulgence of one day. The federal government, which requires the State to secure the bidding affidavit from bidders, allows its submission at any time before the award of the contract. The bidder had thus complied with the federal requirements but the Commissioner refused to be satisfied with the same standards. Ordinarily this would be commendable, to insist on higher than minimum standards to "insure integrity in the bidding process." But here the one day delay had nothing to do with assuring integrity in the bidding process else we must assume that the federal process does not incorporate sufficient integrity.

The Commissioner is to be commended for assuring over his tenure of office that the award of contracts which have been made in historic proportions and amounts have been untainted by bidding irregularities. Here, however, he was poorly advised by staff members who stubbornly refused to consider and properly weigh the merits of following a course by which he would have

carried out the law which required the award of this contract to the lowest bidder.