[No. H000948. Sixth Dist. May 21, 1986.]

LELAND HEWITT et al., Plaintiffs and Appellants, v.
EDITH ROSS MEANEY et al., Defendants and Respondents.

## Counsel

Miller, Starr & Regalia, Marvin B. Starr, Amy Matthew and D. Robert Lohn for Plaintiffs and Appellants.

Robert E. Bosso, Alyce E. Prudden and Adams, Levin, Kehoe, Bosso, Sachs & Bates for Defendants and Respondents.

## Opinion

## AGLIANO, P. J.—

I

Plaintiffs Leland and Barrie Hewitt appeal from a judgment denying their claim of an easement or way of necessity across the property of defendants Edith Meaney and County Bank & Trust as trustee of the Daniel Meaney and Edith Meaney Family Trust. We affirm for the following reasons.

II

The facts are essentially undisputed: Plaintiffs' 72-acre parcel borders the southside of defendants' 78-acre parcel in rough, hilly terrain in Bonny Doon, Santa Cruz County; defendants' property borders on a public road while plaintiffs have no access.

The Hansens brought the two parcels into common ownership in July 1934 and so granted them to Edna Cowell in July 1936. The parcels were severed in November 1936 when Cowell granted what is now defendants' portion, to Williams. Defendants acquired it, after various mesne conveyances, from Yoder in September 1953.

Edna Cowell transferred plaintiffs' parcel to the H. Cowell Company in September 1936, which in turn granted it to the Cowell Foundation trustees in March 1956. The parties stipulated for purposes of this litigation to regard this parcel as held in continuous ownership by the same entity (Cowell) until its sale to plaintiffs in 1982.

Plaintiff Leland Hewitt in 1981 was a retired builder and land developer who sought to find a homesite on a mountain top overlooking the ocean. He researched ownership of properties in Bonny Doon, and inquired of the Cowell Foundation whether it was interested in selling. Cowell's land agent,

Wells Fargo Bank, wrote him on December 3, 1981, expressing interest in selling, and advising him the property "could be suitable for a homesite" but also warning: "There is no legal access to this parcel, no improvements and no developed water." Hewitt claims that in further negotiations, he was told the no-access opinion was based on a title report and not personal knowledge about the property. He determined it was his responsibility to resolve the access problem. Plaintiffs thus acquired the property from the Cowell Foundation in October 1982 and filed this suit in May 1984 to gain access to the public road across about seven and one-half acres of defendants' property.

## III

### A. *Theory of Easement by Necessity*

██ The law under certain circumstances recognizes an implied easement or way of necessity to landlocked parcels of realty based on public policy favoring their use and development. (*Reese* v. *Borghi* (1963) 216 Cal.App.2d 324, 331 [30 Cal.Rptr. 868]; see *Daywalt* v. *Walker* (1963) 217 Cal.App.2d 669, 672 [31 Cal.Rptr. 899].) A prima facie case for such an easement arises when parcels were under common ownership when a conveyance was made which landlocked one of them and created a strict necessity for access across the other. (*Reese, supra,* at pp. 332-333.)

The public policy is implemented by the law's presumption that a grantor implicitly conveys or reserves whatever is necessary to put property to beneficial use, despite the omission to make any such express provision. (Cf. *Daywalt, supra,* 217 Cal.App.2d at pp. 672-674; *County of Los Angeles* v. *Bartlett* (1962) 203 Cal.App.2d 523, 529 [21 Cal.Rptr. 776].) The law thus presumes the common owner intended the easement. (*Ibid.*) ██ This presumption is one of fact depending upon the terms of the grant and the surrounding circumstances. " 'The general rule is stated in 28 Corpus Juris Secundum, section 35, page 696, as follows: ". . . The implication of an easement by necessity is based upon the inferred intent of the parties, which is to be determined from the terms of the instrument and circumstances surrounding the transaction; the implication will not be made where it is shown that the parties did not intend it. . . . Necessity alone without reference to any relations between the respective owners of the land is not sufficient to create this right." ' " (*Daywalt, supra,* at p. 673; *Bartlett, supra,* at p. 530.) ██ ██ ██ ██ While this presumption has been characterized as somewhat of a fiction employed to serve the public policy to promote land use (3 Powell on Real Property (1985) § 410, pp. 34-68, 34-84), an easement by necessity will not be imposed contrary to the actual

intent of the parties. (*Bartlett, supra,* at pp. 529-530; *Daywalt, supra,* at pp. 674-675.)[1]

 Plaintiffs contend the presumption is one affecting the burden of proof, while defendants claim it affects the burden of producing evidence. The difference is that the former is "established to implement some public policy other than to facilitate the determination of the particular action in which the presumption is applied" (Evid. Code, § 605) while the latter is "established to implement no public policy other than to facilitate the determination of the particular action . . . ." (Evid. Code, § 603.) It seems reasonable to conclude the presumption of an intent to create an easement is one affecting the burden of proof, because it serves the public policy of freeing land for use. "The effect of a presumption affecting the burden of proof is to impose upon the party against whom it operates the burden of proof as to the nonexistence of the presumed fact." (Evid. Code, § 606.) Defendants thus were required to establish by a preponderance of the evidence (Evid. Code, § 115) that the common grantor did not intend to reserve an easement through the granted parcel.

B. *The Court's Findings*

The parties agree the presumption was operative, but the court found there was no "implied intention to create an easement by necessity." The court explained: during the time of common ownership, there was a "possible means of access through rough, hilly terrain" to plaintiffs' parcel across defendants'; access could be presently provided if expense is not a limitation by "extensive grading and lateral support in constructing a road"; there is no evidence that defendants' parcel was used for access to plaintiffs' during common ownership; Cowell's failure to expressly retain an easement suggests she did not contemplate such access; this lack of intent is further evidenced by Cowell's advising Hewitt in selling the parcel "in 1982, . . . that Cowell claimed no easement . . . ." This appeal questions whether this evidence is sufficient to overcome the presumption, i.e., whether there was a preponderance of evidence the common owner did not intend an easement.

---

[1] Plaintiffs rely on the following quotation from *Reese, supra,* 216 Cal.App.2d 324, 331: "'A doctrine closely related to the theory of easements by inference or implication is that of "ways by necessity." This rule, however, differs somewhat from the implication theory because whereas an easement may be generally based on the implied intent of the parties at the time of separation, and while necessity may be an operative factor in determining intent, a way of necessity rests on public policy *often thwarting the intent of the grantor or grantee.*'" (Plaintiffs' italics.) We regard this statement as dictum. While the court upheld an easement by necessity, it noted there was no "express intent of the parties to the contrary." (*Id.,* at p. 333.) Nor was there any other evidence that the parties intended no easement.

C. *Scope of Review*

■ Though the probative facts are undisputed, an appellate court cannot substitute its inferences for those of the trial court reasonably grounded on substantial evidence. (Cf. *Primm* v. *Primm* (1956) 46 Cal.2d 690, 694 [299 P.2d 231]; *Clejan* v. *Reisman* (1970) 5 Cal.App.3d 224, 232 [84 Cal.Rptr. 897].) We are required to draw those inferences which support the judgment. (*Clejan, supra; Booth* v. *Robinson* (1983) 147 Cal.App.3d 371 [195 Cal.Rptr. 130].)

D. *Sufficiency of the Evidence to Overcome the Presumption of Intent to Reserve an Easement*

■ While an easement by necessity may more readily be found when the grantee is landlocked than when the grantor is (e.g., *Tschaggeny* v. *Union Pacific Land Resources Corp.* (1976 Ut.) 555 P.2d 277, 281), an easement by necessity can be found in favor of a landlocked grantor. (*Reese, supra,* 216 Cal.App.2d at p. 333; see cases cited in 3 Powell on Real Property, *supra,* § 410, p. 34-66, fn. 3; compare *Lincoln Sav. & Loan Assn.* v. *Riviera Estates Assn.* (1970) 7 Cal.App.3d 449, 459 [87 Cal.Rptr. 150].) It is because the grantor failed to expressly provide for necessary ingress and egress that an easement may be presumed. Thus, a lack of express reservation of an easement does not defeat the presumption of intent to retain one.

■ Further, lack of use of the conveyed parcel for access to the retained parcel is irrelevant to establishing a way of necessity. (*Traders, Inc.* v. *Bartholomew* (1983) 142 Vt. 486 [459 A.2d 974, 978].)[2] A way of necessity exists in favor of the dominant estate whether it is used or not, so long as it is necessary for access. (Cf. *Blum* v. *Weston* (1894) 102 Cal. 362, 369 [36 P. 778]; *Lichty* v. *Sickels* (1983) 149 Cal.App.3d 696, 700-701 [197 Cal.Rptr. 137]; *Pencader Associates, Inc.* v. *Glasgow Trust* (1982 Dela.) 446 A.2d 1097, 1100-1101; *Berkeley Development Corp.* v. *Hutzler* (1976) 159 W.V. 894 [229 S.E.2d 732, 736].)

---

[2]As explained in *Reese, supra,* 216 Cal.App.2d at pages 330-331: "[T]here is a well recognized and long standing distinction between a right-of-way of necessity arising by operation of law and an easement by implication based upon a preexisting use. [Citations.] . . . 'Although a way of necessity is sometimes confused with an easement arising, on severance of title, from a pre-existing use, there is a definite distinction between them, mainly because a way of necessity does not rest on a pre-existing use but on the need for a way across the granted or reserved premises. . . . [¶] Questions in respect of the permanency, apparency, and continuity of servitude, which are of importance in connection with easements implied because the servitude is obvious and apparently permanent, are not applicable to typical ways of necessity; . . .'"

Defendants invoke *Mesmer* v. *Uharriet* (1916) 174 Cal. 110 [162 P. 104], to show lack of use can support denial of an easement by necessity. It is true the court considered the lack of a recorded easement or any apparent use to reverse a judgment establishing an easement by necessity, but as plaintiffs point out, *Mesmer* involved the right of designation of a way of necessity. (*Id.*, at p. 113.) What the court concluded was that no 1,500-foot way should be imposed on the servient parcel when it was no more necessary than a 350-foot way across a different parcel not in litigation, but deriving from the same common ownership and equally used with other routes of access to the dominant parcel. The evidence was relevant to the conclusion designation had not occurred. (*Ibid.*) We do not understand *Mesmer* to contravene the authorities cited above.

We disagree with plaintiffs' argument that the 1981 disclaimer of an easement is irrelevant to establish the common grantor's intent in 1936. (This is apparently what the trial court referred to as the 1982 advice of Cowell to Hewitt that no easement was claimed.) Plaintiffs compare it to a lack of use, citing *Blum* v. *Weston, supra,* 102 Cal. 362, but a statement may be more probative of intent than inaction. This statement may be regarded as an admission by an agent of the common grantor, since there was essentially continuous ownership of the landlocked parcel until it was sold to plaintiffs. An agent's declaration may be probative in ascertaining whether its principal had intended to create an easement. (Evid. Code, § 1222; cf. *Gagnon* v. *Adamson* (1953) 122 Cal.App.2d 253, 261 [264 P.2d 620]; *Kytasty* v. *Godwin* (1980) 102 Cal.App.3d 762, 769 [162 Cal.Rptr. 556].)

While the court during the trial speculated that the correspondence from Cowell's agent merely reflected prudence in not promising a questionable right of way, the court concluded in its judgment that it had greater significance. The court's conclusion is further bolstered by the fact that on March 8, 1982, Cowell's land agent declared in a writing to the trustees of the Cowell Foundation to recommend acceptance of Hewitt's offer on the property: "The property is landlocked and any potential easement access has been virtually barred by neighbors who oppose a right of way or road to gain access." The common owner's subsequent disclaimer of any right of access is substantial evidence there was no intent to retain an easement when the property was originally severed. (Cf. *Daywalt* v. *Walker, supra,* 217 Cal.App.2d 669, 676.)[3]

---

[3]Evidence Code section 1225 provides: "When a right, title, or interest in any property or claim asserted by a party to a civil action requires a determination that a right, title, or interest exists or existed in the declarant, evidence of a statement made by the declarant during the time the party now claims the declarant was the holder of the right, title, or interest is as admissible against the party as it would be if offered against the declarant in an action involving that right, title, or interest."

 Additional evidence supports the court's finding the common grantor did not intend to reserve an easement over defendants' parcel. The trial court viewed the property itself. During the trial, the court had surmised that if the physical terrain over the defendants' parcel was so difficult that nobody in 1936 would have contemplated access over it, then the inference of intent from necessity would be undercut. The trial court in its statement of decision found there was a "possible means of access through rough, hilly terrain to a public road," and that "the only practicable route from [plaintiffs' parcel] across [defendants' parcel] to a county road" was "hardly desirable, because it would require extensive grading and lateral support in constructing a road, but, if expense is not a limitation, it is a possibility."

The court thus implicitly concluded that in 1936 plaintiffs' parcel was virtually inaccessible across defendants'. Therefore, the common grantor would not have deemed it feasible to retain an easement over it when relinquishing defendants' parcel. (Cf. *Fristoe* v. *Drapeau* (1950) 35 Cal.2d 5 [215 P.2d 729].)

Plaintiffs challenge this inference, arguing that ways of necessity only arise in cases of strict necessity, which do not exist if a property owner has a means of access across his own property, albeit with difficulty. (E.g., *Horowitz* v. *Noble* (1978) 79 Cal.App.3d 120, 130-131, fn. 4 [144 Cal.Rptr. 710].) They reason: "Similarly, the difficulty of constructing the easement across the servient estate is *not* a factor in making the determination of whether an easement exists since an easement by necessity is founded in necessity, not convenience." (Italics in original.) We agree with this general statement. However, we do not view the trial court's decision as having denied plaintiffs' claim of an easement because of difficulty in constructing a road. Rather, the trial court's focus seems to have been on the topography only as it might tend circumstantially to prove that Mrs. Cowell indeed did not intend to have access over such property.

 The apparent difficulty of access is an indicator of probable intent, as recognized in *Fristoe* v. *Drapeau, supra,* 35 Cal.2d 5.

 We agree with plaintiffs this evidence does not measure up to the expression of intent not to create an easement found in *County of Los Angeles* v. *Bartlett, supra,* 203 Cal.App.2d 523. There the common grantor in its original deed provided it did "'not hereby grant, bargain, sell or convey any right of way, privilege, easement or right whatsoever in'" its remaining property. (*Id.,* at p. 528.)

No such written expression relinquishing a claim of easement existed in *Daywalt* v. *Walker, supra,* 217 Cal.App.2d 669, however. There the court

relied on parol evidence showing "the actual understanding and intent of the parties was to exclude any right of way over the land retained by [the grantor]." (*Id.,* at p. 675.) Significantly, the court also noted no easement by necessity was justified across the common grantor's retained property, because if the claimant obtained an easement, it still would not connect to a public road and provide access. (*Id.,* at pp. 675-676.) Thus, in circumstances negativing the presumption the common owner intended to utilize the granted property for access to a landlocked parcel, a finding of no easement of necessity was affirmed.

■ Plaintiffs argue that the only evidence which will suffice to negate the presumption of intent is a "clearly expressed understanding between the parties at the time of division by conveyance that access would not exist." While the court emphasized there was such evidence in *Daywalt, supra,* 217 Cal.App.2d at page 675, we do not understand this to be a prerequisite to negating the presumption of intent to create an easement.

■ The ultimate question in the instant case is simply what was the intent of the common grantor when severing the parcels. While there is no direct evidence (Evid. Code, § 410) of the grantor's intent here, it may be reasonably inferred from the circumstances. ■ "[C]ircumstantial evidence may outweigh, in convincing force, both the strongest of disputable presumptions . . . and direct evidence as well [citations]." (*Scott* v. *Burke* (1952) 39 Cal.2d 388, 398 [247 P.2d 313].)

■ We accordingly determine the trial court's finding that the common grantor did not intend to reserve an easement is supported by the evidence.

IV

The judgment is therefore affirmed.

Brauer, J., and Chang, J.,* concurred.

Appellants' petition for review by the Supreme Court was denied July 31, 1986. Mosk, J., was of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.